Samuel HADDIX, Appellant,

v.

DAY & NIGHT MANUFACTURING
COMPANY et al., Appellees.

Supreme Court of Tennessee.

Dec. 22, 1975.

Thomas B. Avery, Memphis, for appellant.

John H. Harris, Jr., Chandler, Manire, Harris & Shelton, Memphis, for appellees.

## OPINION

FONES, Chief Justice.

This is an appeal by the employee from a denial of compensation by the Circuit Court of Shelby County in a workmen's compensation case. The trial court found that appellant was injured within the scope and course of his employment, and that appellant was in all respects entitled to recover compensation except for certain false statements made in his application for employment.

In support of his appeal before this Court, appellant maintains: (1) the false statements in the application and medical history forms were not willfully and knowingly made; (2) the employer waived any reliance on the false statement when it continued the appellant in its employment after he complained of lower back pains; (3) there was no causal connection between the false representations made by appellant in his application, and the injury he sustained. Under the rule of *Federal Copper & Aluminum Company v. Dickey,* 493 S.W.2d 463 (Tenn.1973), and *Phillips v. Fleetguard Division of Cummins Eng. Co.,* 480 S.W.2d 528 (Tenn.1972) these are the three elements which must be established to deny compensation to the employee when he has misrepresented his medical history. See also, 1A, Larson, Workmen's Compensation Law, § 47.53 (1973).

On July 12, 1971, appellant applied for a job with defendant-appellee, Day and Night Manufacturing Company, and signed an application for employment filled out by his wife. Appellant evidently is able to read and write, but does not do so well. On the application was the question: "Have You Ever Received Workmen's Compensation For Injuries Sustained During Previous Employment?" The answer to this question was, "No." On July 26, 1971, the evidence shows that appellant completed and signed a medical history form. On that form were two questions relevant to this action:

"19. Have you every had a back pain or injury to your back?

\* \* \* \* \* \*

37. Have you ever sustained an industrial injury whereby you lost time from your employment, or for which you received Workmen's Compensation payments and/or an award? State 'Yes' or 'No'."

His answer to both questions was "No."

Subsequent to a physical examination, appellant was accepted for employment and began working in the shipping department, a job which required heavy lifting.

On October 27, 1971, and again on January 7, 1972, appellant complained to the nurse on duty at the company first-aid station of back injuries suffered while on the job the previous nights. The nurse administered minor medication and hot packs the several times he appeared for treatment of these two injuries and again on April 25, 1973, when he complained of a low back pain.

The injury which precipitated this lawsuit evidently occurred on the night of May 8, 1973, while the appellant was loading a water heater on a fork lift truck he was operating. Appellant continued to complain of back pain and was treated by the company physician on June 6, 7, and 8, 1973. On June 25, 1973, appellant was examined by a neurosurgeon, and on June 28, 1973, surgery was performed to remove an extruded disc at L–5.

Subsequently it was learned by the company that appellant had a lengthy record of back injuries. On October 21, 1958, appellant had consulted a Dr. Calandruccio about a lower back pain he experienced while lifting a heavily laden wheelbarrow. Dr. Calandruccio diagnosed his condition as an "early lumbar disc," noting an "area of marked tenderness over the transverse process of L–5 on the right." That episode involved two visits to the doctor and ten (10) days absence from employment while "on bed rest at home." On March 29, 1967, appellant consulted a Dr. Frost about a pain in his lower back. Appellant made five (5)

visits to the doctor and was off from work until April 11, 1967. There was a claim submitted for workmen's compensation payments for this injury, but no evidence as to what, if any, payments were made. While lifting a pan of heavy parts, appellant again suffered an injury to his lower back and visited Dr. Frost on September 10, 1968. He was off from work until September 23, 1968, and received workmen's compensation benefits for the loss of one (1) week of work.

On the basis of the foregoing evidence, the trial court denied benefits under the Workmen's Compensation Act because of the appellant's false and willful misrepresentation of his physical condition to the appellee. We affirm this denial of benefits.

■ We need not rule on the question of whether appellant was aware of the falsity of the answer given in his application for employment filled out by his wife and dated July 12, 1971. There is sufficient evidence to show that appellant both filled out and signed the medical history questionnaire dated July 26, 1971, which contained two (2) false answers. Considering appellant's past history of back trouble, we feel that appellant knowingly and willfully falsified the answers to these questions. There is also sufficient evidence to show that these misrepresentations were material and were relied upon by the company. Representatives of the company testified that the appellant would not have been hired for heavy work in the Shipping Department had his previous history of back trouble been revealed.

■ Appellant cites no Tennessee authority, nor are we able to find any, in support of his second assignment of error that the company waived its reliance on the misrepresentations by continuing the appellant in its employment after he complained of backache. It would not be equitable to either employers or employees to require that an employer must dismiss an employee who complains of physical ailments, or the employer must suffer the risk that he will be declared to have waived any reliance on the employee's statement of medical history. Under the facts of this case, it is the employee who has waived his benefits under the workmen's compensation statute by not accurately stating material facts.

■ In his third assignment of error, appellant maintains that there was no evidence to establish a causal connection between the false representation made by him in his application, and the injury he sustained. If there is any material evidence to support the finding by the trial court, we must affirm that finding. *Bowman v. Smith-Built Homes, Inc.,* 221 Tenn. 102, 424 S.W.2d 801 (1967).

■ Appellant's injury for which he seeks compensation resulted in an operation to remove an extruded lumbo-sacral, or L–5 disc. In 1958, when appellant first sought treatment for his back, Dr. Calandruccio noted an "area of marked tenderness over the transverse process of L–5 on the right," and diagnosed his condition as an "early lumbar disc." Both Dr. Frost and Dr. Cannon agreed that a person with a history of back trouble is more likely to sustain a ruptured disc.

There is material evidence in the record to sustain the denial of compensation by the trial court. The judgment of the trial court is affirmed at the cost of appellant.

COOPER, HENRY and HARBISON, JJ., and NEARN, Special Justice, concur.