**MARTIN BROTHERS CONTAINER AND TIMBER CORPORATION, Appellant,**

v.

**Lillian W. LYNCH, Appellee.**

Supreme Court of Tennessee.

May 31, 1977.

Russell L. Moore, Jr., Ewell & Farmer, Dyersburg, for appellant.

C. W. Miles, III, Miles & Miles, Union City, for appellee.

## OPINION

HENRY, Justice.

The only issue in this workmen's compensation appeal is whether claimant's lung condition is compensable as an "occupational disease" under Sec. 50–1101, T.C.A.

The injured worker, a fifty-one year old woman, began working for Martin Brothers Container & Timber Products Corporation in 1966, laying boards on an assembly line where wooden boxes are made. The 5-acre Martin Brothers factory saws between 100,-000 and 130,000 feet of boards per week in a part of the plant "about half an acre" distant from the assembly line where Mrs. Lynch worked. Although three large blowers operate in the sawing area to carry sawdust to outside storage bins, considerable amounts of sawdust remain in the air and on the boards as they are taken from the sawing area to the box assembly line.

In 1972, about six years after beginning employment at Martin Brothers, Mrs. Lynch began coughing and suffering from pain and shortness of breath, conditions that gradually worsened. In early 1973 she was given treatments by an osteopathic physician, Dr. G. O. Sullivan, for lung congestion. Dr. Sullivan also suggested that Mrs. Lynch might have emphysema. Later in 1973 Mrs. Lynch was hospitalized and diagnosed as suffering from sinusitis, pneumonitis and emphysema. She was hospitalized twice in 1974 and once in 1975 for what was variously described as "bronchitis, influenza, sinusitis, emphysema or pneumonitis." On two occasions of hospitalization, in October 1974 and April 1975, chest X-rays were taken that failed to show, according to two hospital radiologists, that Mrs. Lynch

had emphysema. The films did reveal, however, chronic respiratory problems. Dr. Sullivan diagnosed emphysema from his interpretations of the X-rays and from Mrs. Lynch's poor response to treatment.

After being hospitalized in October 1974, Mrs. Lynch did not return to work. In August 1975, she was terminated after notifying Martin Brothers that she would never again be able to work. At that time she also filed a workmen's compensation claim, which was denied. In this suit Mrs. Lynch alleges that she developed emphysema as a "direct and proximate result of her exposure over the years to . . . sawdust," that she is totally disabled, and that she has an occupational disease within the meaning of Sec. 50–1101(3) T.C.A. (silicosis). The theory of her suit is that emphysema is "so closely related" to silicosis that it should be considered "occupational".

The Chancellor found that Mrs. Lynch was suffering from emphysema as a direct result of her employment at Martin Brothers, and that her condition is "pathologically similar" to silicosis. He therefore awarded workmen's compensation benefits based on a sixty per cent permanent partial disability to the body as a whole.

Martin Brothers Corporation argues that there is no material evidence in the record to support the award. More specifically, it asserts that there is no evidence of a permanent disability, or finding of an occupational disease or related occupational disease under Sec. 50–1101, T.C.A., and that there is no causal connection relating any disability to a disease arising out of employment with Martin Brothers. It also argues that the Chancellor erred in disregarding the testimony of Dr. Fountain, a specialist in lung disorders, in favor of that of Dr. Sullivan, an osteopath. We cannot sit in judgment upon the respective qualifications of these witnesses. The Chancellor, after considering the entire matter, elected to accept the testimony of the doctor of osteopathy. So must we.

Dr. Sullivan testified both by deposition prior to trial and by oral examination in open court. While close and rigid cross-examination was productive of arguably inconsistent answers, we think it clear that the overall import of his testimony was (1) that this employee suffered from emphysema, (2) that this condition was produced by the inhalation of sawdust over an extended period of time, during the course of her employment and (3) that emphysema and silicosis are pathologically similar.

■■■ This case was vigorously contested and was ably briefed and argued at the bar of this Court. The issues were so sharply drawn that we have no hesitation in saying that the Chancellor could have held in favor of either party with the support of ample, material and creditable evidence. We, however, do not weigh the evidence in a workmen's compensation case. Where material evidence supports the finding of the trial judge we have no alternative to affirming. Indeed, the matter is conclusive upon us.

■ One of the landmark cases dealing with occupational diseases is *American Insurance Company v. Ison*, 519 S.W.2d 778 (Tenn.1975). There Justice Brock, writing for the Court, laid down these criteria:

> Finally, if the alleged occupational disease is not one of those named in T.C.A., Section 50–1101, it must be established by medical or other appropriate expert witnesses that it is so "closely related" to one of the named occupational diseases that it too, should be considered "occupational." By "closely related" we mean (1) that the disease produces pathological effects in the employee which are substantially the same as those resulting from one of the named occupational diseases and (2) the disease in question is caused by the particular hazards of the employment which are known to also cause one of the named occupational diseases. 519 S.W.2d at 781.

We conclude that the facts of this case bring it well within the *Ison* rules.

■ We have considered other established rules relating generally to the determination of workmen's compensation claims. Among those that are medical testimony on causation does not require proof to an absolute certainty. *American Insur-*

*ance Co. v. Ison, supra.* This rule recognizes the fact that in spite of all its praiseworthy progress, medicine is not an exact science.

The enforcement generally of the workmen's compensation act requires that we give its provisions a liberal interpretation. This is particularly true as to "occupational" diseases. *Brooks v. Gilman Paint,* 208 Tenn. 595, 347 S.W.2d 665 (1961).

Lastly, the trier of facts "should be left free to adopt that view which is most consistent with reason and justice." *Graybeal v. Smith*, 189 Tenn. 412, 225 S.W.2d 556 (1949).

The judgment of the Chancellor is

Affirmed.

HENRY, J., concurs.

BROCK, Justice, dissenting.

Regretfully, I dissent upon the ground that the evidence fails to show that the breathing of sawdust, the cause of plaintiff's emphysema, is known to also cause silicosis, the listed occupational disease (T.C.A. § 50–1101) to which emphysema is said to be "closely related." Such a showing is one of the two requirements laid down by this Court in *American Insurance Co. v. Ison*, Tenn., 519 S.W.2d 778 (1975) for finding that a given disease is one "closely related" to a listed occupational disease. I fear that with this decision we are slipping back to the chaotic hit or miss consideration of alleged "closely related" occupational diseases which *Ison* sought to correct.