Dorothy L. FOSTER, Appellant,

v.

ESIS INCORPORATED, Appellee.

Supreme Court of Tennessee.

March 13, 1978.

181

James S. MacDonald, Jenkins & Jenkins, Knoxville, for appellant.

Deke W. Brackett, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for appellee.

## OPINION

FONES, Justice.

In this workmen's compensation case, the employee appeals from a trial court judgment that she suffered no compensable injury, and that she would be estopped by fraud from recovery in the event her injury were compensable.

It was proved and uncontradicted at trial that appellant, Dorothy L. Foster, had undergone back surgery in January, 1967, as a result of an accidental injury which arose out of her employment with C. R. Daniels Company in 1964, and it was shown that she obtained a judgment against C. R. Daniels Company awarding her a twenty-five (25%) percent permanent partial disability rating.

Employee testified that her supervisor at C. R. Daniels had been a Mrs. Jack Hilliard, and that she and her husband were social friends of the Hilliards at the time of her injury at C. R. Daniels. Both employee and her husband testified that employee had told Jack Hilliard, a plant manager for Levi Strauss, that C. R. Daniels would not rehire her after her injury, and that she was unable to obtain other work because of her

back trouble. The Fosters testified that Jack Hilliard told appellant that his company would be able to hire her so long as she did not disclose her history of back trouble on her employment application.

Employee applied for work at Levi Strauss in November, 1968, and she admitted at trial that she intentionally failed to disclose her history of back trouble on her application; she wrote "I quit" as her reason for leaving C. R. Daniels; she answered "no" to questions asking if she had ever collected workmen's compensation, or if she had had "frequent or occasional back pain, disorders of the spine"; she omitted any mention of her back condition in questions asking if she had had medical treatment in the past five (5) years and requesting dates and reasons for all hospital admissions in the previous ten (10) years.

Employee stated on cross-examination that she was initially interviewed by a clerk at Levi Strauss, to whom she submitted the admittedly false application. It was established at trial, and uncontradicted, that Jack Hilliard was employee's supervisor after she was hired at Levi Strauss.

Jack Hilliard testified that he did not know of employee's history of back trouble, and that he had not told her to falsify her application. He admitted that he and his wife had been social friends with the Fosters, but he could not remember any details of employee's employment, nor whether they were social friends at that time. The trial judge noted that Hilliard was "remarkable for his poor memory."

Hilliard and other managerial employees of Levi Strauss testified that it was company policy not to hire workers with histories of back trouble, that job applicants were initially screened by the personnel office, and, if deemed employable, were then referred to the person who would be supervising the applicant in the event he were hired, for the final hiring decision.

Employee argues that she should not be estopped by her misrepresentations because the employer did not rely on them, Hilliard having actual knowledge of the true facts, and because the employer did not carry its burden of proving that the injury for which compensation is sought was causally related to the previous medical history concealed from the employer.

Employee hurt her back in 1975, and received hospitalization benefits through the non-occupational medical insurance carried by Levi Strauss. Employee testified that this injury had been job-related, but that she reported it as non-occupational because she was afraid that she would lose her job if she told the truth. She underwent surgery for a ruptured disc as a result of this injury. She returned to work in early 1976, and shortly thereafter, hurt her back again, which injury is the subject of this lawsuit.

■ First, we consider the question of estoppel. In *Federal Copper & Aluminum Co. v. Dickey*, 493 S.W.2d 463 (Tenn.1973) this Court enunciated a three-pronged test to determine whether an employee is estopped to claim workmen's compensation benefits because of misstatements on the employment application. The three elements are these: (1) the employee must have knowingly and willfully made a false representation as to his physical condition; (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring; (3) there must have been a causal connection between the condition misrepresented and the injury for which compensation is sought. In addition, the causation between the employee's prior physical condition and the injury for which compensation is sought must, in all but the most obvious cases, be established by medical testimony. *Daniels v. Gudis Furniture Co.*, 541 S.W.2d 941 (Tenn.1976).

Employee admitted at trial that she willfully misrepresented her prior medical history on her employment application, but here contests the trial judge's finding of estoppel on the other two criteria.

■ Even if Hilliard knew of employee's prior back trouble before hiring her, it does not necessarily follow that the employer could not have relied on the misrepresentations. The employer established by three

witnesses that employee could not have been hired without passing the initial screening with a personnel official, and that Hilliard had no control over this initial interview. Representatives of Levi Strauss testified that employee would not have been referred to Hilliard if her prior medical history had been known. The reliance element is established where the employee would not have been hired without the deception. *Haddix v. Day & Night Mfg. Co.,* 540 S.W.2d 639 (Tenn.1975).

■ Employee urges that Hilliard's knowledge of employee's medical history must be imputed to his principal, Levi Strauss. This rule is intended to protect those who exercise good faith, and is not applicable where the party advocating the rule was aware of circumstances which plainly indicated that the agent would not advise his principal. *DeFord v. Nat'l Life & Accident Ins. Co.,* 182 Tenn. 255, 185 S.W.2d 617 (1945). Employee's testimony provides material evidence to support the conclusion of the trial judge that she was engaged in a conspiracy with Hilliard to conceal her medical history from Levi Strauss.

■ There was ample medical testimony from which the trial judge could have found that employee's present back problems were causally related to her earlier back trouble while employed at C. R. Daniels. Doctor David Fardon testified by deposition that one with a history of back trouble is permanently impaired and this impairment results in increased risk of future back problems. The medical evidence adduced at trial revealed that all three episodes of back trouble were characterized by problems with the L–5 disc in her back. Employee's symptoms in all three episodes were virtually identical, with the exception that pain was present in her left leg on the first two occasions and in her right leg after her most recent injury. Doctor Fardon testified as follows:

"What I have trouble with is understanding what 'causally related' means. I think that people who have had previous ruptured discs and previous back surgery are an increased risk to have an additional ruptured disc, additional back surgery, additional back symptoms, or require additional back care. I think that if it is changed from one leg to the other, then that is not exactly the same thing, but I think that it is causally related to the extent that she is an increased risk because of her previous trouble.

.    .    .    .    .

The things that I found in my examination that led me to conclude that she had some permanent impairment were primarily the historical things about having had previous back surgery and some findings that were consistent with that. I think that people who have had previous disc ruptures and previous back surgery are permanently impaired; even if they have symptom-free periods, they are impaired."

■ Doctor Fardon's testimony established that employee's recent injury was probably causally related to the injury she sustained in 1964, and the trial judge found that it was so related. "[M]edical testimony on causation does not require proof to an absolute certainty. [citation omitted]. This rule recognizes the fact that in spite of all its praiseworthy progress, medicine is not an exact science." *Martin Bros. Container & Timber Corp. v. Lynch,* 551 S.W.2d 687, 689–90 (Tenn.1977).

■ We note also that the decree of the trial court in employee's 1968 suit against C. R. Daniels, admitted by stipulation in this cause, held that employee's first back injury resulted in permanent disability. The decree was rendered in a contested lawsuit, and although it is not determinative of the question here, it does have probative value in showing that employee was not, at that time, expected to recover fully, from the 1964 injury.

■ At trial, the medical reports of Dr. David Hawkins were admitted by stipulation, and a letter from Dr. Fred Brown, a physician who had treated employee's back troubles for some time, was inadvertently attached to Dr. Hawkins' report. After

reading Dr. Brown's letter, the trial judge stated that he was going to consider it, and no objection was made by either party. Appellant here assigns as error that the letter constituted inadmissible, highly prejudicial hearsay, and that, even had it been admissible, the trial judge erred in finding that employee's injury was not job-related because appellee did not rely on this defense. This assignment of error is rendered moot by our finding material evidence to support the judgment of the trial court that employee is estopped by fraud from recovery even if her injury be held compensable. Further, on the issue of causal connection between the prior concealed injury and the injury for which compensation is sought, it is clear that Dr. Fardon's testimony provides substantial material evidence to support the trial court's finding adverse to employee. Doctor Brown's meager reference to employee's present injury as "an aggravation of a pre-existing condition" was merely cumulative, and if erroneously considered by the trial judge, was harmless error. Tennessee Code Annotated § 27–117.

Affirmed. Costs are adjudged against appellant, Dorothy L. Foster.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.