**COLUMBIA CONSTRUCTION COMPANY, Appellant,**

v.

**Franklin D. SIMS, Appellee.**

Supreme Court of Tennessee.

March 31, 1980.

Petition to Rehear Denied June 30, 1980.

Gayle Malone, Jr., Trabue, Sturdivant & DeWitt, Nashville, for appellant.

Jack B. Henry, Henry & Henry, Pulaski, for appellee.

OPINION

FONES, Justice:

This is a workmen's compensation action in which the only issue is whether the disease that has caused appellee's disability is compensable as an "occupational disease" under T.C.A. § 50–1101 as it existed in March 1977.[1]

---

1. T.C.A. § 50–1101 was substantially amended by 1977 Tenn.Pub.Acts, ch. 339, §§ 2, 5. At the time relevant to this lawsuit, however, only the following occupational diseases were listed in T.C.A. § 50–1101:
   1. Lead poisoning.
   2. Metal fume fever.

3. Silicosis.
4. Benzol poisoning.
5. Dermatitis.
6. Miner's diseases, including only cellulitis, bursitis, nystagmus, ankylostomiasis, tenosynovitis, coal workers pneumoconiosis.
7. Anthrax.

The facts are not in dispute. Appellee was employed by appellant from April 1976 until March 1977 as a welder on a job site at the Monsanto Chemical Company in Columbia. In the course of his employment, appellee was regularly exposed to phosphorous smoke containing $P_2O_5$. On two occasions appellee was engulfed by the smoke for approximately ten minutes. The first incident occurred in December 1976, and appellee suffered a reaction in which he experienced shortness of breath and burning chest pain. These symptoms persisted, and on January 25, 1977, he sought medical treatment from his family physician. Appellee returned to work and on March 8, 1977, was again engulfed in the phosphorus smoke. He suffered a more severe reaction to this exposure and was hospitalized and diagnosed as suffering from pneumonia.

The symptoms of pneumonia persisted, and on April 12, 1977, appellee was examined by Dr. Gerald Halprin, a specialist in lung disorders. Under Dr. Halprin's treatment the symptoms of pneumonia gradually disappeared over a five month period, but appellee continued to suffer breathing difficulties. Upon further testing, Dr. Halprin discovered that appellee was deficient in the enzyme Alpha I Antitrypsin. Such a deficiency usually leads to a rare form of genetic emphysema. X-rays and other pulmonary function tests confirmed the diagnosis of emphysema.

Since his exposure to the phosphorus smoke on March 9, 1977, appellee has been unable to return to work. Appellee filed for workmen's compensation benefits claiming that he suffered from an occupational disease. Appellant has refused to pay appellee's claim for permanent total disability, and such action resulted in this lawsuit.

The trial judge found that appellee is totally disabled from emphysema and that the emphysema resulted from breathing phosphorus smoke in the scope and course of his employment by appellant. Additionally, the court found:

"The plaintiff's emphysema was not an occupational disease as set out in T.C.A. § 50–1101 as it existed in March of 1977. There is no medical evidence that emphysema is so closely related to one of the named occupational diseases in T.C.A. § 50–1101 that it should also be considered an occupational disease. There is no medical evidence that emphysema produced pathological effects in the plaintiff or produces pathological effects in any other person, which are substantially the same as those pathological effects resulting from one of the named occupational diseases in T.C.A. § 50–1101. There is no medical evidence that the plaintiff's emphysema was caused by a particular hazard of his employment which was known to also cause one of the named occupational diseases in T.C.A. § 50–1101."

Instead of dismissing the claim, however, the trial judge awarded benefits for permanent total disability. The learned judge reasoned that because this Court in *Martin Brothers Container & Timber Corp. v. Lynch*, 551 S.W.2d 687 (Tenn.1977), had found material evidence to support an award of benefits to a claimant who suffered from emphysema that arose out of and during the course of her employment, emphysema was judicially established as an occupational disease.

In this appeal appellant asserts that no material evidence exists to support a finding that appellee's emphysema is closely related to any of the occupational diseases listed in T.C.A. § 50–1101. Appellant also asserts that the trial judge erred in relying

---

8. Asbestosis.

9. Chronic manganese poisoning.

10. Beryllium and heavy metal poisoning and diseases or conditions caused by exposure to ionizing radiation from sources inside or outside the body. Heavy metals as used in this paragraph shall include all elements (or compounds thereof) with an atomic number of 80 or above.

11. Brucellosis.

12. Diseases of the heart, lungs, and hypertension; applicable only to employees whose regular and full time duties in any manner include direct participation in the controlling and extinguishing of fires.

on *Martin Brothers* for the proposition that emphysema was judicially established as an occupational disease in all cases.

■ At the time relevant to this cause of action, emphysema was not one of the occupational diseases listed in T.C.A. § 50–1101. To recover workmen's compensation benefits for an alleged occupational disease not listed in the statute, the claimant must present evidence sufficient to satisfy the test outlined by this Court in *American Insurance Co. v. Ison*, 519 S.W.2d 778 (Tenn. 1975):

"[I]f the alleged occupational disease is not one of those named in T.C.A., Section 50–1101, it must be established by medical or other appropriate expert witnesses that it is so 'closely related' to one of the named occupational diseases that it too, should be considered 'occupational.' By 'closely related' we mean (1) that the disease produces pathological effects in the employee which are substantially the same as those resulting from one of the named occupational diseases and (2) the disease in question is caused by the particular hazards of the employment which are known to also cause one of the named occupational diseases." *Id.* at 781.

■ Two medical experts testified on behalf of appellee: Dr. Gerald M. Halprin, the treating physician, and Dr. J. Vance Fentress, who testified as an expert in internal medicine. Doctor Fentress testified that the subjective symptoms of emphysema, *i. e.*, coughing, shortness of breath, and limited tolerance for activity, were "closely akin" to the subjective symptoms of silicosis, coal workers pneumoconiosis, and asbestosis. However, when questioned about the pathological effects, neither physician could state that emphysema was similar to any of the statutory occupational diseases. Moreover, from our review of the record we have found no material evidence stating that phosphorous smoke containing $P_2O_5$, the hazard to which appellee was exposed, causes any of the occupational diseases listed in T.C.A. § 50–1101. We agree with the trial judge's findings that appellee has provided no material evidence to satisfy either of the

requirements specified in the *Ison* decision for proving that emphysema is closely related to a named occupational disease.

The sole remaining question is what effect this Court's decision in *Martin Brothers Container & Timber Corp. v. Lynch, supra,* should have on the instant case. In *Martin Brothers* the issues of both fact and law were hotly contested. Claimant asserted that she suffered from emphysema as a result of breathing sawdust in the course of her employment at defendant's factory and that emphysema was closely related to silicosis and should be considered "occupational." Claimant offered the testimony of an osteopathic physician who testified to the effect that emphysema and silicosis are pathologically similar. Defendant argued that the osteopath made inconsistent statements. The defense also offered the testimony of a physician who specialized in lung disorders. The chancellor found that claimant had a permanent partial disability from emphysema as a result of her employment by defendant and that her condition was pathologically similar to silicosis.

On appeal we reviewed the record and determined that material evidence existed to support the chancellor's decision. We did not hold that as a matter of law emphysema was an occupational disease. The *Martin Brothers* decision holds only that, under the particular proof in that case, material evidence existed to support the trial court's award. Plaintiff in this case cannot rely upon the proof adduced in *Martin Brothers* to support his claim for workmen's compensation benefits.

■ The trial judge correctly found that appellee failed to establish his emphysema as an occupational disease according to the test required by *Ison*. The trial judge erred, however, in awarding benefits on the basis that emphysema was judicially established as an occupational disease.

The judgment of the trial court is reversed, and the suit dismissed. Costs are adjudged against appellee.

BROCK, C. J., COOPER and HARBISON, JJ., and McLEMORE, Special Justice, concur.

OPINION ON PETITION TO REHEAR

FONES, Justice.

A respectful and sincere petition to rehear has been presented to the Court, the thrust of which is that we overlooked the significance of *Totherow v. Penn Dixie Industries, Inc.*, 589 S.W.2d 375 (Tenn.1979).

Employee Totherow had worked in defendant's cement manufacturing plant for six and one-half years in an area that was so dusty that it required sweeping several times a day. There was evidence that the cement mixture at defendant's plant contained two to three percent sand, of which silica is the chief constituent and an agent that causes silicosis, a named occupational disease. Doctor Whitaker, the thorasic surgeon who treated Totherow, testified that two agents, cigarette smoking and cement dust, caused Totherow's cancerous emphysema, but that the cement dust was "the more important agent." In addition, Dr. Whitaker testified that the pathological effects of Totherow's severe emphysema were the same as the effects of silicosis. The trial judge made express findings based upon Dr. Whitaker's testimony that satisfied the requirements of *American Insurance Co. v. Ison, supra.*

In the instant case, the trial judge correctly found that there was no medical evidence that Sim's emphysema was closely related to one of the named occupational diseases or that it was caused by a particular hazard of his employment that was also known to cause one of the named occupational diseases.

In short, the presence of an exposure to cement dust and medical evidence that it produced pathological effects similar to silicosis distinguishes *Totherow* from this case where there was no evidence that the phosphorous smoke produced pathological effects substantially the same as those resulting from a named occupational disease.

The petition to rehear is respectfully denied.

BROCK, C. J., COOPER and HARBISON, JJ., and McLEMORE, Special Justice, concur.