2151

George Ronald SMALL, Employee, Appellant v. ONEITA INDUSTRIES, Employer, and Zurich Insurance Company, Carrier, Respondents.

(442 S.E. (2d) 213)

Court of Appeals

*Stephen W. Evans*, of *Friddle & Waikart*, Greenville, *for appellant*.

*Duke K. McCall, Jr.*, of *Leatherwood, Walker, Todd & Mann*, Spartanburg, *for respondents*.

Heard Feb. 8, 1994.

Decided Mar. 7, 1994. Reh. Den. Apr. 21, 1994.

GOOLSBY, Judge:

In this workers' compensation action, George Ronald Small sought benefits for on-the-job injuries he sustained while employed by Oneita Industries. The single commissioner denied Small's claim because, in his application for employment, Small misrepresented his physical condition, and, thus, no employer-employee relationship existed between Small and Oneita Industries. Subsequently, the full commission and the circuit court affirmed the single commissioner. Small appeals. We affirm.

Oneita Industries hired Small in 1990 as a "material handler." Small's job consisted of lifting and moving boxes weigh-

ing 100 to 300 pounds. Small indicated in his application for employment that he had no previous injuries or physical impairments.

In 1991, Small injured his back while working for Oneita Industries and thereafter filed a workers' compensation claim. After Small injured himself, Oneita Industries discovered that, contrary to Small's representations in his application for employment, Small had previously injured his back in 1983 and 1986 and was 25 percent impaired as a result thereof. Upon discovery of Small's fraud, Oneita Industries did not terminate him and, for the three months preceding Small's hearing before the single commissioner, continued to correspond with Small regarding his workers' compensation claim.

■ Under South Carolina law, a false statement in an employment contract will bar benefits if: (1) the employee knowingly and wilfully made a false representation regarding his physical condition; (2) the employer substantially relied upon the false representation when it decided to hire the employee; and (3) a causal connection existed between the false representation and the injury. *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 196 S.E. (2d) 833 (1973).

■ On appeal, Small does not challenge Oneita Industries' proof of these three prongs of *Cooper*. Rather, Small argues Oneita Industries ratified his employment contract by failing to terminate him immediately upon its discovery of his fraud. Small bases his argument on *Cooper*, in which the supreme court, after finding no employer-employee relationship in that case, stated:

> The fact that the [employee] knowingly and wilfully made a false representation as to his physical condition thereby inducing his employment, did not make the contract for his services void, but voidable; and the employer, having been deceived, could terminate the contract whenever it discovered the deception. The testimony in behalf of the [employer] shows that when it discovered that the [employee] had falsified his application, his contract of employment was immediately terminated.

*Id.* at 469, 196 S.E. (2d) at 836.

The three-pronged rule in *Cooper* is clearly enunciated. Finding, as we do, that the preceding quote from *Cooper* is

dictum, we are not convinced it adds a fourth element compelling an employer to terminate an employee as a prerequisite to barring the employee from recovery. Moreover, under these circumstances, "[i]t would not be equitable to either employers or employees to require that an employer must dismiss an employee who complains of physical ailments, or the employer must suffer the risk that he will be declared to have [ratified the employee's contract]." *Haddix v. Day & Night Mfg. Co.*, 540 S.W. (2d) 639, 641 (Tenn. 1975).

In any case, we do not find Oneita Industries manifested an intent to ratify Small's employment contract.

> [W]ith respect to [ratification], . . . '[the ratifying party] must be shown to be no longer under those circumstances . . . which led into the first agreement, and that he was aware that he is not bound by the original contract, but that he may be released from it; but that nevertheless he chooses deliberately and without imposition to [ratify] what he has first done. . . .'

*Gregg v. Harllee*, 13 S.C. Eq. (Dud. Eq.) 42, 53 (1837) (citation omitted).

Here, Oneita Industries did not discover Small's fraud until *after* Small injured himself. Thereafter, for the three months preceding Small's hearing before the single commissioner, Oneita Industries simply continued to correspond with Small regarding his workers' compensation claim. By pointing to this conduct alone, Small has not demonstrated that Oneita Industries deliberately chose to ratify his contract for employment. *Cf. Chavez v. Lectrosonics, Inc.*, 93 N.M. 495, 601 P. (2d) 728 (Ct. App. 1979) (wherein the court found there was a genuine issue of material fact regarding whether an employer intentionally relinquished its right to terminate an employee where the employer learned of the employee's misrepresentations of his physical condition *before* the injury occurred, yet the employer continued to retain the employee).

Affirmed.

BELL and CONNOR, JJ., concur.