BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the order of the Industrial Relations Commission reversing the Judge of Industrial Claims’ denial of the claim.
Claimant, respondent herein, sought benefits allegedly due as a result of an injury to his left foot on June 24, 1969, when the sanitation truck on which he was riding went into a hole and claimant’s foot was bent backwards against a brace on the rear platform where he was standing with three other employees. The City denied com-pensability on the ground that no employer-employee relationship existed because of claimant’s fraudulent procurement of employment.
The Judge of Industrial Claims denied the claim, stating:
“ * * * the false representation as to the prior physical condition of the claimant made by the claimant in procuring employment with the City of Miami precludes the claimant from any benefits under the Workmen’s Compensation Act, and I further find that there is a causal relationship between the injury and the false representation and that if said false representation had been known to the employer, the employer having relied upon said false representation, that the claimant would not have been employed, and further I find that the employee knew the representation to be false. * >}: * >’
On appeal the Full Commission reversed with directions to award claimant compensation benefits. One member of the Commission dissented on the grounds that the evidence supported the finding of the Judge of Industrial Claims that the City relied on the false representations made by claimant to its detriment.
The record reveals that some two years before the accident of June 24, 1969, claimant applied for a job as a garbage collector for the City. At the time he applied for *229 employment, claimant took a physical examination which revealed a scar on his ankle but nothing relating to bone impairment. Claimant specifically stated to the employer’s medical secretary that he had never been involved in a motor vehicle accident and had never had a fracture or broken bone.
In fact, claimant was in an automobile accident in 1955 and suffered a broken ankle which was repaired by insertion of a metal pin. An X-ray of the left ankle in January of 1957 revealed the following:
“Left Ankle: There is a single metallic screw through the medial malleolus extending to the opposite cortical wall with a bridge of callus formation extending to the fibula. There is an opaque suture through the distal end of the left fibula. The ankle mortis has a normal appearance. A small fragment of bone adjacent to the porterior malleolus of the tibia.”
Medical testimony established that claimant’s injury was due primarily to the preexisting weakness of his left ankle. The injury occurred when the garbage truck in which claimant was standing hit a hole in the street causing claimant to place greater than normal weight on the weakened ankle. None of claimant’s fellow workers on the truck were injured.
There is also evidence in the record to support the judge’s finding that the employer would not have hired claimant had he not misrepresented his physical condition.
In Martin Company v. Carpenter, 132 So.2d 400, 406 (Fla.1961), the rule is stated as follows:
“We therefore adopt the rule that a false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen’s Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.”
The Judge of Industrial Claims in the instant case expressly found that each requirement of the Martin rule was satisfied. His findings are clearly supported by competent substantial evidence in the record before us.
Accordingly, certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
ROBERTS, C. J., and CARLTON and McCAIN, JJ., concur.
ERVIN, ADKINS and DEKLE, JJ., dissent.