19628

Jimmy COOPER, Appellant, v. McDEVITT & STREET COMPANY, and The Travelers Insurance Company, Respondents

(196 S. E. (2d) 833)

464

*Rogers W. Kirven, Esq.,* of Florence, *for Appellant,* ▮

*Messrs. Belser, Kemmerlin & Ravenel,* of Columbia, *for Respondents,*

May 14, 1973.

Moss, Chief Justice:

This is a proceeding under the Workmen's Compensation Act, Section 72-1, *et seq.,* of the 1962 Code. There is here involved an appeal from an order of the Circuit Court reversing an award of the Industrial Commission in favor of Jimmy Cooper, the appellant herein.

The appellant alleges that on February 17, 1971, while employed as a welder by McDevitt & Street Company, a respondent herein, he sustained a low back injury by accident, arising out of and in the course of his employment.

Liability for compensation was denied by his employer and its insurance carrier, The Travelers Insurance Company, respondents herein, on the ground that the appellant had intentionally misrepresented and concealed in his pre-employment application a previous back injury which he had sustained while working for another employer. They further denied by reason thereof that he was an employee within the meaning of Section 72-11 of the Code.

A hearing was convened by a Single Commissioner to determine whether or not the appellant was an employee of McDevitt & Street Company within the meaning of the Act at the time he received a back injury on February 17, 1971. Thereafter, this commissioner filed an opinion and an award in which it was found that the appellant was an employee

of McDevitt & Street and was entitled to compensation for his injury. The respondents by appropriate exceptions, appealed from the award of the Full Commission to the Circuit Court of Richland County, and such appeal was heard before the Honorable John Grimball, Resident Judge, who issued his order vacating and reversing the award. The appeal is from this order.

We have held that before the provisions of the Workmen's Compensation Act can become applicable, the relation of master and servant, or employer and employee must exist. The issue of whether the appellant was an employee of McDevitt & Street is jurisdictional and is subject to judicial review even though the commission has found that he was an employee. *Chavis v. Watkins,* 256 S. C. 30, 180 S. E. (2d) 648.

It is a fact that on February 27, 1967, while in the employ of the Benjamin F. Shaw Company, the appellant sustained a serious injury to his back, a ruptured disc, and as a result of such, had been out of work for ten months and had received a lump sum award of $5,000.00 from the Industrial Commission for that injury. The diagnosis as to this injury was that there were findings of nerve root irritation or pressure with the primary problem being "acute lumbo-sacal strain with the possibilities of a herniated disc." The appellant was given a fourteen per cent partial permanent disability to the lumbar spine.

The appellant testified that he was actually out of work thirteen months following his injury while working for B. F. Shaw Company. Thereafter, he worked as a welder on various jobs for various employers. In September, 1970, the appellant went to work as a welder for McDevitt & Street on a job at the St. Francis Hospital in Charleston, South Carolina. The appellant testified that he had a back problem and could do no heavy work or lifting and he so stated in his pre-employment application for work on the Charleston job. His employment on the Charleston project was termi-

nated following the Christmas holidays when he reported to work two or three days late. He says that it was suggested that he come to Columbia and make an application for work there as a welder. At that time McDevitt & Street were engaged in enlarging the football stadium of the University of South Carolina.

It appears that McDevitt & Street employed the appellant as a welder on the stadium job pursuant to a pre-employment application, dated January 5, 1971. While so employed, the appellant, on February 17, 1971, sustained a low back injury while he and another employee were attempting to lift a long angle iron. He says while moving such angle iron, it slipped and jerked his back. The physicians who examined the appellant diagnosed his injury as an acute lumbo-sacral strain but with no evidence of a true ruptured disc.

The evidence shows that the appellant in his pre-employment questionnaire was asked the question, "Have you now or have you ever had . . . back trouble?", and his answer thereto was "No".

Admittedly, the foregoing answer of the appellant was false, intentional and a material misrepresentation. We quote with reference thereto the testimony of the appellant as follows:

"Q. Why didn't you tell them that you had a back injury up here?

"A. Because I found out that if they knew it up here, I was going to get fired off the job. The business agent had told me if they found it out I was gone.

"Q. The business agent is your union man?

"A. Yes, sir."

\* \* \*

"Q. Mr. Cooper, you said that the reason you filled out the identification and pre-employment questionnaire, which I show you here for your examination, the reason that you filled it out that you did not have any back trouble is be-

cause if you knew you told them that they wouldn't hire you? Is that right?

"A. Yes, sir.

"Q. Then you do admit that you did deceive them as far as your physical condition at this job site up here?

"A. On this job here, yes, sir. I did.

"Q. So you purposely did it in order to get a job?

"A. In order to keep my job, yes, sir."

The Assistant Superintendent on the Columbia job testified that he did not have access to the application filed by the appellant on the Charleston job and that when employment is terminated on one job, such employee is not transferred to another job. If such employee desires reemployment on another job he files a new application and is hired or rejected on the basis thereof. He also testified that he would not have hired the appellant had he not misrepresented his physical condition. He further testified that he relied on the application of the appellant as being true and such was a material factor in the hiring.

The issue here is whether the appellant is entitled to recover workmen's compensation for his injury when he knowingly and intentionally falsified his pre-employment questionnaire as to his previous back injury.

The general rule is that the following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. 1A Larson's Workmen's Compensation Law, Section 47.53. The foregoing rule is followed and applied in the cases of *Martin Company v. Carpenter,* Fla., 132 So. (2d) 400; *City of Miami v. Ford,* Fla., 252 So. (2d) 228; *Air Mod Corp. v. Newton,* Del., 215 A.

(2d) 434; and *Volunteers of America of Madison v. Industrial Commission,* 30 Wis. (2d) 607, 141 N. W. (2d) 890. See also 136 A. L. R., p. 1124.

There is ample evidence to sustain the finding of the trial judge that the appellant was guilty of fraud in securing his employment through false representation as to his previous back injury and that the employer would not have hired him had he not misrepresented his physical condition.

It is the position of the appellant that the evidence on the issue of causal connection was so indefinite as to require that this case be remanded to the Commission for the purpose of a specific factual finding thereon. We agree that neither the Board nor the Trial Judge has made any specific finding of whether or not there was a causal connection between the false representation made by the appellant and his subsequent injury. Accordingly, the case must be remanded to the Commission for the taking of testimony on this issue and for the making of a finding of fact in connection therewith.

The fact that the appellant knowingly and wilfully made a false representation as to his physical condition thereby inducing his employment, did not make the contract for his services void, but voidable; and the employer, having been deceived, could terminate the contract whenever it discovered the deception. The testimony in behalf of the respondents shows that when it was discovered that the appellant had falsified his application, his contract of employment was immediately terminated.

The appellant contends that his employer had no right to rely on the misrepresentation as to his previous injury for the reason that while working on the Charleston job he had there told two supervisory employees that he had a back injury. One of these employees testified that, subsequent to his employment, the appellant told him that he had some trouble with his back. The application by the appellant for employment on the Charleston

job does not reveal that he had previously had back trouble. Admittedly, the employer was engaged in construction contracts in many places. It is clear from the record that the two supervisory employees in Charleston had nothing to do with the employment of the appellant on either the Charleston or the Columbia job, such not being within the scope of the authority of either. Even though the Commission stated that the employer could have, with little difficulty, checked out with the Charleston office the application of the appellant for employment, there was nothing in his application to alert his employer in Columbia that he had a previous back injury. The employer, in the absence of notice to the contrary, had the right to assume the truthfulness of the statements contained in the appellant's application.

The rule as to notice to an agent in its application to the facts here is stated in 3 C. J. S., Agency, § 264, p. 197, as follows:

"The rule that notice to an agent is notice to his principal is not applicable unless the notice has reference to business in which the agent is engaged under authority from the principal, and is pertinent to matters coming within that authority; and hence a principal is not affected with knowledge . . . which relates to matters not within the scope of his (agent's) authority. . . . Where an agent is in no way connected with the transaction, his knowledge of facts concerning it will not be imputed to the principal."

The knowledge of the two supervisory employees in Charleston that the appellant had a previous back injury cannot be imputed to the employer because the information received by them was not pertinent to matters coming within their authority.

The judgment of the lower court is, accordingly, reversed and the cause remanded for the purpose stated.

LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting):

Being of the view that the lower court was in error and that the award of the full Commission should have been affirmed, I most respectfully dissent.

As I understand the majority opinion, it holds, in accordance with the clear weight of persuasive authority, that the claimant at the time of his injury was an employee, any misrepresentation or fraud on his part rendering the contract for his services not void but merely voidable.

The opinion then states the "general rule" as being that a false statement in an employment application will bar Workmen's Compensation benefits if three named factors are present. Professor Larson, who is cited as the authority for the said "general rule", states such not as a general rule but as a rule which "seems to be emerging", citing the same cases as are cited in the majority opinion. Independent research on the part of the writer has unearthed no other cases which would lend any support to the said "general rule" and an examination of these fails to convince me that we would be warranted in adopting such as sound and harmonious with our Workmen's Compensation Act.

The first cited case is that of *Martin Co. v. Carpenter,* 132 So. (2d) 400 (Fla.). The rule was there stated, in the course of rather lengthy and unnecessary dicta, the court concluding that the rule was sound, basing such conclusion in part on a second injury fund provision in the Florida statute and in part upon the 1929 decision of the United States Supreme Court in the F. E. L. A. case of *Minneapolis, St. P. & S. S. M. Ry. Co. v. Rock,* 279 U. S. 410, 49 S. Ct. 363, 73 L. Ed. 766. In the *Rock* case the right to recover under the terms of the F. E. L. A. was denied because employment had been obtained by a whole series of fradulent misrepresentations, including having an imposter take the physical examination for the applicant. In the case of *Still v. Norfolk & Western R. Co.,* 368 U. S. 35, 82 S. Ct. 148, 7 L. Ed. (2d) 103, the United States Supreme Court reviewed the *Rock* decision at length and

expressly limited the effect of its holding to the precise facts of that very extreme case. The decision here that the contract of employment was only voidable and not void is in accord with *Still* and not in accord with *Rock*. The second injury fund provision of the Florida statute, relied on by the court in *Martin* in support of the soundness of the stated rule, has no counterpart in our Workmen's Compensation Act.

In the case of *City of Miami v. Ford,* 252 So. (2d) 228 (Fla.), the court, by a four to three vote, and without any re-examination of the soundness thereof, actually applied the rule stated by way of dictum in *Martin*. The Delaware case of *Air Mod Corp. v. Newton,* 215 A. (2d) 434, also rests in substantial part upon the *Rock* decision of the United States Supreme Court and in substantial part upon the second injury fund provision of its Workmen's Compensation statute quite similar to, if not identical with, that of the Florida statute and which again has no counterpart in our Act.

The last cited case of *Volunteers of America of Madison v. Ind. Commission,* 30 Wis. (2d) 607, 141 N. W. (2d) 890, rests upon a special epilepsy provision of the Wisconsin statute, which again has no counterpart in the South Carolina Act. When the statutory differences are considered, I do not regard any of the cited cases as being really in point or at all persuasive that we should adopt and apply the rule which Professor Larson describes as a seemingly emerging one.

There are numerous cases which could be cited and discussed wherein Workmen's Compensation and F. E. L. A. benefits have been allowed despite various and sundry misrepresentations in applications for employment. There are, however, two cases that I regard as being both factually and legally in point with the case at bar, to-wit: *H. J. Jefferies Truck Line v. Grisham* (Okl.), 397 P. (2d) 637, and *General Motors Corp. v. Hargis,* 114 Ga. App. 143, 150 S. E. (2d) 303.

In the *Jefferies* case the Oklahoma court expressly declined to follow the rationale of either the *Rock* case or the *Martin* case in Florida, pointing out that the Workmen's Compensation Act of Oklahoma was silent as to the effect, if any, of the false representation there allegedly involved with respect to prior health of the employee. There was a dissenting opinion in this case but the dissent in substantial part was predicated upon the view of the writer that a particular section of the Compensation Act precluded recovery by the claimant.

In *General Motors v. Hargis,* the Georgia court expressly declined to follow the rationale of the *Martin Company* case or the Delaware case of *Air Mod Corp. v. Newton,* and pointed out that the Georgia statute had a provision expressly relating to the effect of false pre-employment statements concerning previous occupational disease, but that the Act was otherwise silent as to any effect of a claimant's false representation as to his physical condition when applying for employment. The Court relied, *inter alia,* on the doctrine of *inclusio unius est exclusio alterius* and said:

"This problem is a legislative one and in the absence of a clear legislative intent, we do not feel at liberty to impose any limitations or exceptions upon the employee's statutory right to recover compensation."

Like the Georgia Act, our Act has a provision as to the effect of misrepresentation with respect to occupational disease when applying for employment. Code Sec. 72-257. We also have a statutory provision barring benefits when the injury or death was occasioned by the intoxication or willful intention on the part of the employee. Code Sec. 72-156. Code Sec. 72-155 also limits compensation in the event of certain willful conduct on the part of the employee. Nowhere in the Act, however, is there any provision which attempts to limit or bar compensation benefits by reason of misrepresentation on the part of the employee with respect to prior injury or physical disability other than occupational disease.

It is elementary that our Act has to be liberally construed in favor of employees and to the end of including employees within coverage rather than excluding them. Contrary to this elementary principle, were we to adopt the rule enunciated in the majority opinion, formulated by other courts upon statutory provisions not present in our statute, we would, in effect, write into our Workmen's Compensation Act a provision which would deny an employee benefits under certain circumstances when the legislature has not seen fit to do so.

Even, however, if the rule applied by the majority be sound, on the rather meager record before us I seriously doubt its applicability under the facts of the present case. Although the Columbia application is dated January 5, the date the claimant commenced to work, his testimony is to the effect that such was executed a week or ten days after his employment, and that he made the false statement to retain the employment which he had already secured. The record shows that the application was taken by the superintendent, Mr. George Sterns, who did not testify. It is thus strongly inferable that the false representation was not a substantial factor in the initial hiring in Columbia. Moreover, according to the weight of the evidence, he had been employed by the same employer on a different job site four months before with full knowledge of his prior back injury.

The conclusion of the lower court and the majority opinion to the effect that the knowledge of the employer's agents as to the physical condition of the claimant was not imputable to the employer is, to say the least, open to quite serious question. The record does not disclose precisely the capacity of Mr. Hallman, the employer's agent, in Charleston, but the evidence does disclose that in Charleston Mr. Hallman both hired and fired the claimant and knew at the time of hiring the claimant's past history. The claimant's immediate superior, both in Charleston and Columbia, was Mr. Musselwhite who admittedly knew of the claimant's past history.

Following the Christmas holidays, claimant was replaced in Charleston when unable to return promptly to work because of an automobile breakdown. When he did get in, Mr. Hallman told him he had been replaced and suggested that he go to Mr. Musselwhite who had already gone to Columbia to work on the stadium job. While Musselwhite did not have the ultimate authority to hire and fire, it is obvious that he was connected with the employment of the claimant because the record discloses that the claimant was employed in Columbia on the recommendation of Musselwhite and went to work for Musselwhite who knew of his history and qualifications and was in need of him. It is clearly inferable that but for Musselwhite and his recommendation, claimant would not have been employed. Under these circumstances, I do not think we are warranted in holding, as a matter of law, that the knowledge of Hallman and Musselwhite was not imputable to the employer.

BRAILSFORD, J., concurs.