0083

David G. McLEOD, Respondent, v. PIGGLY WIGGLY CAROLINA CO., and Insurance Company of North America, Appellants. (Two cases)

(313 S. E. (2d) 38)

Court of Appeals

468

*G. Dana Sinkler*, Charleston, *for appellants.*

*Irving Levkoff*, Charleston, *for respondent.*

Heard Nov. 15, 1983.

Decided Feb. 21, 1984.

SHAW, Judge:

This is a Workers' Compensation claim brought by the respondent, David G. McLeod. The hearing Industrial Commissioner, the Full Commission and the Circuit Court have approved an award in compensation for McLeod's injury. The employer, Piggly Wiggly, and its insurance carrier have appealed. We affirm in part, reverse in part and remand.

No award under the Workers' Compensation Law is authorized unless the employer-employee or master-servant relationship existed at the time of the alleged injury for which claim is made. *Alewine v. Tobin Quarries*, 206 S. C. 103, 33 S. E. (2d) 81 (1945); *Cooper v. McDevitt*, 260 S. C. 463, 196 S. E. (2d) 833 (1973). The determination of the relationship of employment is a jurisdictional issue for purposes of workers' compensation benefits and review by appellate courts in such cases is governed by the preponderance of the evidence. *O'Briant v. Daniel Construction*, S. C., 305 S. E. (2d) 241 (1983); *Givens v. Steel Structures*, 279 S. C. 12, 301 S. E. (2d) 545 (1983); *Chavis v. Watkins*, 256 S. C. 30, 180 S. E. (2d) 648 (1971); *Tharpe v. G. E. Moore Co.*, 254 S. C. 196, 174 S. E. (2d) 397 (1970).

McLeod was born with a defect in his vertebral column (spina bifida).[1] Prior to working for Piggly Wiggly, McLeod had been employed in several other jobs all of which required him to lift heavy objects. He experienced only one back problem on all of these jobs.

In 1960 and 1973, McLeod was involved in car accidents which injured his back. The 1960 accident caused no real injuries; the 1973 accident caused McLeod to miss six to eight weeks of work and resulted in his receiving $2,600 in settlement of the tort. In May of 1974, McLeod was out of work for five or six days due to pain suffered in the left side of his back from lifting bundles of steel. McLeod completely recovered from all three accidents.

Mr. McLeod went to work for Piggly Wiggly in May of 1975. On his employment application, he lied about his birth defect. He failed to relate either car accident or the steel lifting incident. McLeod also specifically denied ever receiving compensation for injuries believing that "compensation" referred to workers' compensation. Relying on the representation of no physical defects, no compensation for injuries and no prior back injuries, Piggly Wiggly hired McLeod.

Piggly Wiggly argues that our Supreme Court resolved a

---

[1] Dorland's Illustrated Medical Dictionary 25th ed (1974) A development anomaly characterized by defective closure of the bony encasement of the spinal cord, through which the cord and meninges may (spina bifida cystica) or may not (spina bifida occulta) protrude.

similar case, *Givens v. Steel Structures, supra,* that should control this case. We disagree. In that case appellant was denied benefits because less than one month after settlement of a benefits case (January 1978) involving a low back injury, he applied for and received employment from respondent. He knowingly and wilfully made false representations that he had no physical defects nor prior injuries. In June 1978, he injured his back and filed for benefits under the then Workmen's Compensation Act. It was determined that his condition was one of disc degeneration reflecting the cumulative effect of successive injuries. The amount of elapsed time between the employment application and the injury, five months, distinguishes this case from the case at hand.

Here, Mr. McLeod severely injured his back three years after his employment while attempting to lift a sixty pound box of beef. McLeod had been lifting anywhere from 60 to 160 of such boxes five days a week, eight hours a day since employed. Prior to this accident, McLeod had never complained of back problems and always met his production quota.

Before a false statement in an employment application will bar workers' compensation benefits, three factors must be present: (1) the employee must have knowingly and wilfully made a false representation as to his physical condition, (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring, (3) there must have been a causal connection between the false representation and the injury. *Cooper v. McDevitt, supra.*

It is undisputed that McLeod knowingly and wilfully made a false representation as to his back condition thereby inducing his employment. Therefore, the remaining issue for our determination is whether Piggly Wiggly has shown by a preponderance of the evidence that there was a causal connection between the false representation and the injury. The hearing Commissioner, the Full Commission and the Circuit Court made a factual finding that there was no such causal connection.

McLeod had worked for three years for Piggly Wiggly lifting many sixty pound boxes per day without any injury. Prior to that, McLeod had performed heavy labor for other

employers over a ten year period with only one minor injury. He also completely recovered from back injuries sustained in two separate car accidents. There is substantial evidence to support the Circuit Court's decision concerning liability which affirmed the findings of the hearing Commissioner and the Full Commission.

It was determined that McLeod suffered a 25% partial loss of use of his back. "Unless the question of the extent of partial loss of use under [now Section 42-9-30] is so technically complicated as to require exclusively, expert professional testimony, medical or other, [*cf. Wynn v. Peoples Natural Gas Co.*, 238 S. C. 1, 118 S. E. (2d) 812, and *Dennis v. Williams Furniture Corporation*, 243 S. C. 53, 132 S. E. (2d) 1], lay testimony is, of course, admissible." "Nor need the extent of such impairment of use be shown with mathematical exactness." *Dickey v. Springs Cotton Mills*, 209 S. C. 204, 39 S. E. (2d) 501; *Ripley v. Anderson Cotton Mills*, 209 S. C. 401, 40 S. E. (2d) 508. "But the award may not rest on surmise, conjecture or speculation; it must be founded on evidence of sufficient substance to afford a reasonable basis for it." *Bundrick v. Powell's Garage*, 248 S. C. 496, 151 S. E. (2d) 437 at 441 (1966).

The only testimony concerning partial loss of use came from McLeod who testified as to what type activities he could no longer engage in and from Dr. Virgil Harvey, a general practitioner, who testified that his "nonexpert opinion" was a 15 to 25% disability. In *Bundrick, supra*, the part of the body damaged was the arm. Here, we are concerned with the back, a much more complicated area of the body. The area of the body, the congenital defect and the type of injury sustained are factors which require a higher degree of expertise than was presented to determine the degree of partial loss of use. We therefore find error in this award and reverse for a redetermination of the award.

It was also determined that McLeod was entitled to temporary total disability from June 1, 1978 to December 6, 1978. No reason was given for the selection of the date of December 6, 1978, which was the date of hearing before the single Commissioner. An award in a workers' compensation case cannot be based on surmise, conjecture or speculation. *Bundrick, supra*. It does not appear that the date of December 6, 1978 was founded on evidence of sufficient

substance to afford a reasonable basis for it.

Following the decision of the Circuit Court, McLeod moved for an order compelling Piggly Wiggly to make payments of the permanent partial disability benefits accruing after February 21, 1980, the date of the Full Commission's decision. This motion was granted on February 19, 1981 and Piggly Wiggly appeals.

Piggly Wiggly claims that the Circuit Court was without jurisdiction to entertain this motion because Section 42-3-180 requires that all issues arising under the Workers' Compensation Title be first submitted to the Industrial Commission for determination; Section 42-3-180 does so provide but also states "except as otherwise provided in this Title". Section 42-17-70 provides that an award of the Commission affirmed upon appeal may be submitted to the Court of Common Pleas which "shall render judgment in accordance therewith." Supreme Court Rule 41, Section 1(B)(9) provides for no automatic supersedeas as in this case. Sections 42-17-60 and 42-17-70 allow the payment of weekly compensation accruing after the date of the Commission's award. *Case v. Hermitage Cotton Mills*, 236 S. C. 515, 115 S. E. (2d) 57 (1960). The Circuit Court had jurisdiction to entertain the motion.

Finally, regarding the issue of whether the employer's appeal of the Circuit Court order to the Supreme Court operated to stay the payment of permanent partial disability awarded by the Commission, we conclude that *Case v. Hermitage Cotton Mills, supra*, and Section 42-9-20 of the Code of Laws of South Carolina (1976) control the result which we must reach. We hold that an appeal does not suspend the payment of weekly benefits awarded pursuant to Section 42-9-20. *Cf. Walsh v. U. S. Rubber Co.*, 238 S. C. 411, 120 S. E. (2d) 685 (1961). These payments, like temporary total disability payments, are in the nature of support. *Case v. Hermitage Cotton Mills, supra.*

Accordingly, all issues on appeal are affirmed except the ones relating to the extent of partial loss of use and the award of temporary total disability benefits. Those two issues are remanded for further factual findings in accordance with this opinion. Because of the remand, no payments shall be required until the expiration of the thirty day period following the Commission's decisions on the remanded issues. Sections

42-17-60 and 70; *Case.*

Affirmed in part, reversed in part, and remanded.

CURETON and GOOLSBY, JJ., concur.