22507

Melia R. JOHNSON, Petitioner v. SOUTH STATE
INSURANCE COMPANY, Respondent.

(341 S. E. (2d) 793)

Supreme Court

---

[1] The record is void of *any* evidence of the construction company's net worth.

*James J. Raman,* Spartanburg, *for petitioner.*

*James W. Hudgens,* of *Ward, Barnes, Long, Hudgens, Adams & Wilkes,* Spartanburg, *for respondent.*

Writ Issued Oct. 23, 1985.

Heard Feb. 13, 1986.

Decided March 19, 1986.

GREGORY, Justice:

Petitioner Melia R. Johnson commenced this action against Respondent South State Insurance Company [the Company] to recover fire insurance benefits. A jury returned a verdict for Johnson. The Court of Appeals reversed. *Johnson v. South State Insurance Co.,* 286 S. C. 235, 332 S. E. (2d) 778 (S. C. App. 1985). This Court granted certiorari. We reverse the opinion of the Court of Appeals, and reinstate the jury verdict.

Petitioner contracted with the Company to insure his home in Cherokee County. In 1977, the house was destroyed by fire. Johnson submitted a claim to the Company, including a sworn "Proof of Loss" regarding the contents of the house. The Company investigated the fire, and thereafter denied the entire claim, alleging fraud in the contents claim. This action followed.

At trial, the Company argued that fraud as to the contents voided the entire contract, including loss of dwelling and additional living expenses. Their position was based on a clause within the insurance policy. The trial judge ruled, however, that the policy was severable; therefore, fraud as to contents would not defeat other recovery under the policy. The jury returned a verdict for Johnson as to dwelling and

expenses, but returned a verdict for the Company as to contents because of Petitioner's fraudulent acts. The Company appealed.

The Court of Appeals reversed, holding the policy was not severable, and fraud as to one portion voided the entire contract. We disagree.

In *Trakas v. Globe & Rutgers Fire Ins.*, 141 S. C. 64, 139 S. E. 176 (1927), this Court held that an insurance policy was severable where it separately stated items covered (i.e. dwelling, contents, etc.). However, in *Evans v. Century Ins. Co. Ltd.*, 201 S. C. 273, 22 S. E. (2d) 877 (1942), the *Trakas* rule was restated as follows:

> ... [I]n the absence of fraud or any act condemned by public policy, the contract is divisible, and recovery may be had for the loss of property not affected by the particular warranty broken. 201 S. C. at 280, 22 S. E. (2d) at 880.

This rule has been cited with approval in subsequent cases. *See Nabors v. South Carolina Farm Bureau*, 273 S. C. 126, 255 S. E. (2d) 337 (1979); *See also Mulkey v. United States Fidelity & Guaranty Co.*, 243 S. C. 121, 132 S. E. (2d) 278 (1963).

Although the rule was phrased with a fraud exception, neither *Evans*, nor *Nabors* or *Mulkey* dealt with situations where fraud was found to be present. The *Trakas* rule, as restated in these later cases is, at best, dicta.

The most recent case interpreting South Carolina law in this area is *Kerr v. State Farm Fire & Casualty Co.*, 552 F. Supp. 992 (D.S.C. 1982) *aff'd in part, rev'd in part on other grounds*, 731 F. (2d) 227 (4th Cir. 1984). In *Kerr*, the Federal District Court held that fraud will only void provisions tainted by the fraud. The facts of *Kerr* were very close to those of the instant case, in marked contrast to *Evans, Mulkey* and *Nabors*. We agree with the holding of *Kerr*, and reverse *Evans, Mulkey* and *Nabors* insofar as their dicta is inconsistent with the *Kerr* analysis.

It is well-established under South Carolina law that forfeitures of insurance contracts are not favored. *Trakas*, 141 S. C. at 68, 139 S. E. at 177. Regarding other types of insurance, this Court has consistently held that an insurer must establish a causative link between a policy exclusion and a loss before recovery may be defeated. *See South Carolina Ins. Co.*

*v. Collins,* 269 S. C. 282, 237 S. E. (2d) 358 (1977); *McGee v. Glove Indemnity Co.,* 173 S. C. 380, 175 S. E. 849 (1934); *Reynolds v. Life & Casualty Ins. Co. of Tennessee,* 166 S. C. 214, 164 S. E. 602 (1932); *See also Kerr v. State Farm Fire & Casualty Co.* We see no reason to abandon these established principles. In the instant case, the fraud only concerned the contents, and that recovery was properly voided. However, recovery shall not be defeated on the dwelling and living expenses because the fraud did not affect these items.

We are mindful that the result reached today has been accepted only in a minority of jurisdictions. *See Kerr; Fratto v. Northern Ins. Co. of N. Y.,* 242 F. Supp. 262 (W. D. Pa. 1965), *aff'd* 359 F. (2d) 842 (3rd Cir. 1966); *Sullivan v. Hartford Fire Ins. Co.,* 89 Tex. 665, 36 S. W. 73 (1896). An overwhelming majority of jurisdictions hold that any fraud or misrepresentation as to any portion of property under an insurance policy voids the entire policy. *See* 45 C.J.S. *Insurance* § 1021; 5A Appleman and Appelman, *Insurance Law and Practice,* § 3595 (1982); 44 Am. Jur. (2d) §§ 1371-1376; Vance, *Law of Insurance,* § 143 (1951); Keeton, *Insurance Law,* § 7.2(b) (1971). We are unpersuaded by this position. "Only their number, not their reasoning, lends support to the insurer's postion." *Kerr,* 552 F. Supp. at 995, *citing South Carolina Ins. Co. v. Collins.* This Court has consistently spearheaded changes in the law. *See e.g. State v. Horne,* 282 S. C. 444, 319 S. E. (2d) 703 (1984).[1]

Accordingly, the opinion of the Court of Appeals is reversed, and the jury verdict is reinstated.

Reversed.

NESS, C. J. and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] South Carolina is one of a small number of jurisdictions to adopt the crime of feticide.