1349

Robert L. FERGUSON, Employee, Respondent v. R. F. MOORE CON-
STRUCTION COMPANY, Employer, and U. S. Fidelity & Guaranty
Company, Carrier, Appellants.

(381 S. E. (2d) 496)

Court of Appeals

*N. Heyward Clarkson, III, Deborah Casey Brown,* and *H.
Mills Gallivan,* all of *Rainey, Britton, Gibbes & Clarkson,*
Greenville, *for appellants.*

*C. Ben Bowen* and *Herman E. Cox,* Greenville, *for respon-
dent.*

Heard April 18, 1989.

Decided June 5, 1989.

GARDNER, Judge:

This is a workers' compensation case in which the single Commissioner awarded the claimant, Robert L. Ferguson, temporary disability and continuing medical care; the single Commissioner's order was affirmed by the full Commission and the order of the full Commission was affirmed by the appealed order of the Court of Common Pleas. We affirm.

## FACTS

Prior to working with R. F. Moore Construction Company (the employer), the claimant was employed in construction work in the State of Nevada. The claimant admittedly injured his back while performing such work and was awarded 11 percent partial disability to his back from the State of Nevada. The claimant was released from the doctor's care in October 1985, and returned to work. He moved to Greenville in January 1986. He applied for a job with the employer; he did not fill out a written employment application and was not asked any questions about his health or physical condition; however, on vigorous and unrestricted cross-examination the claimant admitted that he told the employer that he was strong, a good laborer, and could operate a jackhammer.

The claimant suffered a back injury on June 5, 1986, allegedly while attempting to lift the front end of a tamper weighing approximately 125 to 150 pounds. There is evidence of record that the claimant told his foreman the next day about his injury. The claimant went to Dr. Robert G. Schwartz who referred him to Dr. Stephen Gardner, a neurosurgeon of Greenville, South Carolina, to determine if surgical intervention would be required. On August 20, 1986, Dr. Gardner performed a hemilaminectomy with excision of scar tissue with foraminotomy. Dr. Schwartz provided post-surgery medical attention with the exception of one visit to Dr. Gardner on September 23, 1986.

As a result of a criminal charge against him, the claimant was convicted and sent to prison on October 24, 1986. During his incarceration, he continued to receive medical care and treatment for his back and leg. He was still incarcerated at the time of the hearing in Greenville, South Carolina, on January 21, 1987.

The claimant filed a Form 50 by August 11, 1986, in which he alleged injury to his back and leg as a result of an

accident arising out of and in the course of his employment. The employer and the carrier, by their Form 51, dated September 23, 1986, denied that the claimant had sustained a compensable accident on June 5, 1986, and specifically pled the case of *Cooper v. McDevitt & Street Company*, 260 S. C. 463, 196 S. E. (2d) 833 (1973) and alleged that the respondent had failed to give notice of the work-related injury he had received in Nevada on February 15, 1984, for which he had obtained workers' compensation benefits and was granted a permanent partial disability award of 11 percent on a whole body basis.

We summarily hold that there is substantial evidence of record which supports the findings of the Commission and the holdings of the appealed order that (1) the claimant suffered an injury by accident arising out of and in the course of his employment, (2) the claimant effectively notified the employer within 90 days of his injury and (3) the claimant had not reached maximum medical healing.

Certain medical records from the Department of Corrections were introduced without objection by the claimant. We summarily hold that the question presented on appeal with reference to the admissibility of these records is without merit.

## ISSUE

The employer's theory of defense is two-pronged; the employer contends (1) that the claimant had a duty to disclose his prior injury without being asked, and (2) that the claimant's telling the employer that he was a good laborer, had a strong back, and could operate a jackhammer amounted to an affirmative misrepresentation. The Commissioner rejected both of these theories which constitute the issues of merit of this appeal.

## DISCUSSION

### I.

In the case of *Cooper v. McDevitt & Street Company*, *supra.*, the Supreme Court stated:

> The issue here is whether the appellant is entitled to recover workmen's compensation for his injury when he

knowingly and intentionally falsified his *pre-employment questionnaire* as to his previous back injury.

The general rule is that the following factors must be present before a false statement in an *employment application* will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. (Emphasis added.)

260 S. C. at 468, 196 S. E. (2d) at 835.

*Cooper v. McDevitt & Street Company* clearly does not ▮▮ embrace the employer's contention that the claimant had an affirmative duty to disclose his prior injury. Even conceding such a duty for purposes of this decision, the employer would still have the responsibility of introducing evidence to the effect that (1) the employer relied upon the claimant's duty to disclose and that this reliance was a substantial factor in the employment of the claimant and (2) that there was a causal connection between the failure to disclose that which the employee had a responsibility to disclose and the injury for which compensation is sought. The employer concedes there is no evidence of record pertaining to reliance. And we find no evidence of record of a causal connection between the prior injury and the injury of this case.

In support of this argument the employer, aside from *Cooper*, urges that the cases of *Givens v. Steel Structure, Inc.*, 279 S. C. 12, 301 S. E. (2d) 545 (1983) and *McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 313 S. E. (2d) 38 (Ct. App. 1984) are authority for the proposition that the claimant had an affirmative duty to disclose the prior injury. The employer's reliance on these cases is misplaced. All three of these cases involved erroneously answered employment applications; the issue of an affirmative duty to disclose in the absence of a written application or oral questioning as to specific prior injury was not before the court in these cases. If the rule announced in *Cooper v. McDevitt & Street Company, supra,* is to be enlarged to include an affirmative duty to disclose, the enlargement must be made by the Supreme Court of this state and not by

this court. We have carefully researched this subject and find no authority to support the proposition. We therefore reject this contention.

## II.

The same reasoning applies to the proposition that the claimant's telling the employer that he was a good laborer, strong, and able to operate a jackhammer affirmatively misled the employer. We find no evidence of record that the claimant made any representations concerning his back. There is nothing in the record that indicates the claimant believed his statements were not true. Nor is there evidence of a causal connection between the alleged misrepresentation and the second injury. And, importantly, the employer admitted on oral argument that there is not evidence of record to support the necessary reliance upon the alleged misrepresentation by misleading statements. In the absence of such reliance, the employer cannot be heard at this stage to question the legality of the employment of the claimant, which is the essence of the two-pronged defense presented by the employer in this case.

The employer argues he was prevented from proffering testimony to support its theory of affirmative misleading. A careful review of the portions of the hearing transcript in the record persuades us that the single commissioner did not prevent the employer from making a proffer of testimony to support the elements of this theory.

## CONCLUSION

For the above reasons, we reject the contentions made by the employer. In addition to the reasons stated, this court observes that there is no evidence that the claimant knowingly and willingly misrepresented the fact that he actually believed that he was strong, a good laborer, and able to operate a jackhammer. The enactment of the Workers' Compensation Act was for the protection and welfare of working men and women. *Phillips v. Dixie Stores*, 186 S. C. 374, 195 S. E. 646 (1938). We hold there is no merit to the contentions made by the employer in this case; the appealed order is therefore affirmed.

Affirmed.

CURETON and GOOLSBY JJ., concur.