1665

Mary Louise CARROLL, Respondent v. JACKSON NATIONAL LIFE INSURANCE COMPANY, Appellant.

(405 S.E. (2d) 425)

Court of Appeals

*Edward W. Laney, IV* of *Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*Stephen Fitzer,* Columbia, *for respondent.*

*Rita M. Theisen* of *LeBoeuf, Lamb, Leiby & MacRae,* Washington, D.C., *for American Council of Life Ins., as amicus curiae.*

Heard April 8, 1991; Decided May 28, 1991.

Rehearing Denied July 2, 1991.

GARDNER, Judge:

Mary Louise Carroll (Carroll) brought this action to recover on two $50,000 life insurance policies. The court granted her summary judgment motion because Jackson National Life Insurance Company (the Insurance Company) admitted it could not prove a causal connection between the insured's misrepresentation of his health history and the cause of death. We affirm.

## ISSUE
The sole issue is whether a life insurer must prove a causal connection between a misrepresentation pertaining to health history and death before coverage can be voided under a life insurance policy.

## FACTS
The complaint alleges that the Insurance Company issued a $50,000 life insurance policy on the life of Pat J. Carroll (the Deceased), Carroll's father, on January 4, 1988, and another policy for $50,000 on May 26, 1988. Carroll's father died on March 28, 1989.

The Insurance Company answered the complaint but did not file a counterclaim for recission or cancellation of the policy. Its answer did contain the following:

> 12. The deceased and the plaintiff misrepresented the deceased's medical condition and history on the application for each of the policies, which misrepresentations were material, and therefore, the plaintiff is not entitled to any recovery on either policy.

When the case came for trial, the Insurance Company conceded that there was no causal connection between the Deceased's alleged misrepresentations of his health history and his death. Because of that admission, Carroll moved for summary judgment on the basis of the case of *Johnson v. South Carolina Ins. Co.*, 288 S.C. 239, 341 S.E. (2d) 793 (1986). The trial judge granted summary judgment. The judge, relying on *Johnson*, held that in order to defeat recovery the defendant must show by a preponderance of the evidence that there was causal connection between any misrepresentation and the cause of death.

## DISCUSSION

We agree with the trial judge's reasoning, despite the vigorous argument by the Insurance Company, that *Johnson* involved an entirely different situation and that it was not the intent of the Supreme Court to apply the reasoning of *Johnson* to the case before us.

Johnson had a fire insurance policy covering both the building and the contents; they were destroyed by fire. Johnson, in filing his claim for the loss, made misrepresentations as to the contents but not as to the building. The trial court awarded Johnson damages for the loss of the building but found for the company as to the contents. This Court reversed the trial court holding that, in accordance with a provision of the policy, the fraud relating to the contents tainted the entire policy. The Supreme Court reversed this Court, noting that in "other types of insurance, this court has consistently held that an insurer must establish a causative link between a policy exclusion and a loss before recovery may be defeated." 288 S.C. at 241, 341 S.E. (2d) at 794. Because the fraud concerned the contents, that portion of the recovery was prop-

erly voided. Nevertheless, since the fraud did not extend to the dwelling, there was no causative relation between the misrepresentation and the loss of the dwelling, and the Supreme Court held that *Johnson* was entitled to recover for the dwelling.

The Supreme Court in *Johnson,* speaking through Chief Justice Gregory, said, "We are mindful that the result reached today has been accepted only in a minority of jurisdictions. . . . We are unpersuaded by [the majority's] position. Only their number, not their reasoning, lends support to the insurer's position. This Court has consistently spearheaded changes in the law." 288 S.C. at 242, 341 S.E. (2d) 795.

The question then is whether the Supreme Court intended that its reasoning in *Johnson* apply to life insurance cases. We think that it does for several reasons.

First, our Supreme Court has held that answers to questions concerning the health of an applicant for life insurance are "representations" not "warranties." Such answers, even if false, do not void an insurance policy unless they are material to the risk, known by the applicant to be false, made with the intent to mislead the insurer and the insurer relies upon them as a basis of issuing the policy. *Atlantic Life Ins. Co. v. Beckham,* 240 S.C. 450, 126 S.E. (2d) 342 (1962).

Second, in addition to proving the elements of fraud as set forth in *Atlantic Life Ins. Co.,* misrepresentations can be waived by negligence or fraud on the part of the agent of an insurance company unless the policy itself has contrary provisions. *See Berry v. Virginia State Ins. Co.,* 83 S.C. 13, 64 S.E. 859 (1909).

Finally, *Johnson* is in accord with the long-standing rule that the law of this state does not favor forfeiture of an insured's rights, especially where the insurer attempts to void a policy after the occurrence of the event creating liability. *Small v. Coastal States Life Ins. Co.,* 241 S.C. 344, 128 S.E. (2d) 175 (1962). The reasons are obvious for this rule. After an insured dies, his lips are sealed and he cannot testify either to his knowledge about the representations or to his intent to deceive. Nor can he testify as to whether the agent deceived him and thereby waived the misrepresentation.

In view of the reasoning above, it seems logical to this Court, especially in view of the strong language of our Supreme Court in *Johnson*, that after the death of an insured, a life insurance company wishing to void a policy must establish a causal connection between a misrepresentation and the death of the insured.

This position is strengthened by 1988 S.C. Act 482 [codified at S.C. Code Ann. § 38-63-220 (1989)]. This section provides, in effect, that if an insurer institutes proceedings to vacate a policy on the grounds of misrepresentations contained in the policy application, the proceedings must commence during the lifetime of the insured and within a period of two years from the date of the issue of the policy. Even if this section applies only to offensive actions (such as a complaint seeking rescission) and not to defensive actions such as the avoidance pleaded in this case, the statute, nevertheless, clearly indicates the legislative intent that policies should not be forfeited if the insurer attempts to void a policy after the death of the insured. It seems clear to us that in 1988 when it passed Section 38-63-220, the Legislature had in mind the principle long established by our courts that this state abhors forfeiture, especially after the event which creates liability.

## CONCLUSION

For the reasons set forth above, we hold that when a life insurance company seeks to avoid liability after the death of the insured, on the basis of a misrepresentation contained in the application, it has the burden of establishing a causal relation between the misrepresentation and the death of the insured. For this reason, the appealed order is affirmed.

Affirmed.

SHAW, J., concurs and SANDERS, C.J., concurs in separate opinion.

SANDERS, Chief Judge (concurring):

In the first place, I would state the issue differently or, at least, more elaborately. In my opinion, we are called upon to decide whether the insurance company must prove a causal connection between the misrepresentation by the deceased

and his death or whether, on the other hand, the company must prove only that it would not have issued the policies if the deceased had not misrepresented the state of his health. It seems to me that the company should be required to prove only the latter, not the former.

Quite obviously, in deciding whether to issue a life insurance policy, the insurance company must take into account the health of the person applying for the policy. Where an applicant misrepresents the state of his health, it seems to me only fair that the company should not be held liable, if it can prove it would not have issued the policy if the applicant had told the truth. I am, nevertheless, persuaded to affirm.

I am compelled to reach this result by a series of cases decided by our Supreme Court and this Court: *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 196 S.E. (2d) 833 (1973), *Givens v. Steel Structures, Inc.*, 279 S.C. 12, 301 S.E. (2d) 545 (1983) and *McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 313 S.E. (2d) 38 (Ct. App. 1984). All three cases involve claims for workers' compensation, and each presents the issue of what an employer must prove to escape liability for compensation, based on a misrepresentation by an applicant for employment.

In *Cooper*, the employer denied liability on the ground that the injured employee had intentionally misrepresented a previous back injury. The Industrial Commission rejected the defense. The employer appealed. The trial judge reversed, and the employee appealed. The Supreme Court reversed the decision of the trial judge. According to the Court, there was "ample evidence to sustain the finding[s] of the trial judge that the appellant was guilty of fraud in securing his employment through false representation as to his previous back injury and that the employer would not have hired him had he not misrepresented his physical condition." *Cooper*, 260 S.C. at 469, 196 S.E. (2d) at 835. Despite these findings, however, the Court required that the employer also prove "a causal connection between the false representation made by the appellant and his subsequent injury." *Id.* at 469, 196 S.E. (2d) at 836. *Givens* and *McLeod* are in accord. *See also Ferguson v. R.F. Moore Constr. Co.*, 298 S.C. 457, 381 S.E. (2d) 496 (Ct. App. 1989) (also in accord but deciding a somewhat different issue).

Although these cases are factually different, they are, in my opinion, logically indistinguishable. We are, of course, bound by the decisions of our Supreme Court. *Fowler v. Canal Ins. Co.*, 300 S.C. 420, 389 S.E. (2d) 301 (Ct. App. 1990). If an employer is required to prove a causal connection between a misrepresentation made by an applicant for employment and the injury thereafter suffered by the applicant, there is no logical reason not to require an insurance company to prove a causal connection between a misrepresentation made by an applicant for life insurance and the subsequent death of the applicant.

For these reasons, I am convinced the judgment of the Circuit Court must be affirmed.