23580

Mary Louise CARROLL, Respondent v. JACKSON NATIONAL LIFE INSURANCE COMPANY, Petitioner.

(414 S.E. (2d) 777)

Supreme Court

*Edward W. Laney, IV*, of *Turner, Padgett, Graham & Laney, P.A.*, Columbia, *for petitioner.*

*Stephen Fitzer*, Columbia, *for respondent.*

*Rita M. Theisen*, of *LeBoeuf, Lamb, Leiby & MacRae*, Washington, D.C., *for amicus curiae, American Council of Life Ins.*

Heard Jan. 8, 1992.

Decided Feb. 24, 1992.

TOAL, Justice:

We granted certiorari to review the decision of the Court of Appeals in *Carroll v. Jackson National Life Ins. Co.*, — S.C. —, 405 S.E. (2d) 425 (Ct. App. 1991). In that decision the Court of Appeals affirmed the circuit court's holding that the beneficiaries under a life insurance policy are entitled to summary judgment on the issue of liability when the insurance company cannot prove a causal connection between the death of the insured and material misrepresentations on the application for insurance during the contestability period. We reverse.

## FACTS

The plaintiff is the beneficiary of two life insurance policies purchased by the insured, Pat J. Carroll. Mr. Carroll died during the first two years of the policies. Jackson National Life Insurance Company ("Insurance Company") denied liability under the policies claiming that Mr. Carroll made material misrepresentations on the application for insurance. The Insurance Company admitted that it could not prove a causal relationship between the alleged misrepresentations and Mr. Carroll's death. Relying on *Johnson v. South State Insurance Co.*, 288 S.C. 239, 341 S.E. (2d) 793 (1986), the circuit court granted summary judgment to the beneficiaries. The circuit court read *Johnson*, 288 S.C. 239, 341 S.E. (2d) 793 (1986), as requiring the insurance company to prove a causal

connection between the material misrepresentation and the loss. The Insurance Company appealed and the Court of Appeals affirmed the trial court.

## LAW/ANALYSIS

In order to declare the life insurance policy void and avoid liability, the Insurance Company must show (1) that the statements complained of were untrue; (2) that their falsity was known to the applicant; (3) that they were material to the risk; (4) that the insurer relied on the statements; and (4) that they were made with the intent to deceive and defraud the company. *Strickland v. Prudential Ins. Co. of America,* 278 S.C. 82, 292 S.E. (2d) 301 (1982); *United Ins. Co. of America v. Stanley,* 277 S.C. 463, 289 S.E. (2d) 407 (1982); *Atlantic Life Ins. Co. v. Beckham,* 240 S.C. 450, 126 S.E. (2d) 342 (1962).

S.C. Code Ann. § 38-63-220(d) (1976) requires that all life insurance policies issued in this State contain a provision stating that "benefits attached to the policy are incontestable as to the truth of the application for insurance and to the representations of the insured individual after they have been in force during the lifetime of the insured for a period of two years from their date of issue." Thus, the legislature mandated that the Insurance Company must challenge the truthfulness of the application for insurance during the first two years of the policy. After the policy has been in effect for two years, the application may not be challenged. *Id.*

If the Insurance Company is able to prove all of the five elements listed in *Strickland,* 278 S.C. 82, 292 S.E. (2d) 301 (1982), within the first two years of the life insurance policy, then the policy is void. The majority rule is that there is no requirement that the loss be causally related to the material misrepresentation under a void insurance policy. 6 John Alan Appleman, et al., *Insurance Law & Practice,* § 245 (Rev. ed. 1972); 7 Mark S. Rhodes, *Couch on Insurance 2d* (Rev. ed.), § 37:110 (1985).

We note that several states have statutes requiring a causal connection between the material representation and the death of the insured under a life insurance policy. *See e.g.* Kan. Stat. Ann. § 40-418 (1986); Mo. Rev. Stat. § 376.580 (1986); R.I. Gen. Laws § 27-4-10 (1989). South Carolina, however, does not have

such a statute and this Court has not previously addressed the issue.[1] Until the legislature directs otherwise, we hold that when the insured dies during the contestability period of a life insurance policy, the Insurance Company is not required to prove a causal connection between the death and material misrepresentations by the insured in the application of insurance. Accordingly, the Court of Appeals is reversed and the case is remanded to the circuit court for action consistent with this opinion.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[1] The Court of Appeals correctly noted in *Carroll v. Jackson National Life Ins. Co.,* — S.C. —, 405 S.E. (2d) 425 (Ct. App. 1991) that this Court held in *Johnson v. South State Insurance Co.,* 288 S.C. 239, 341 S.E. (2d) 793 (1986) "that an insurer must establish a causative link between a policy exclusion and a loss before recovery may be defeated." *Carroll,* — S.C. at —, 405 S.E. (2d) at 426 (quoting *Johnson,* 288 S.C. at 241, 341 S.E. (2d) at 794). However, the requirement of a causal connection between an exclusion in a valid policy and the loss is not the issue here. The issue here is whether an alleged material misrepresentation in the application for life insurance which may render the policy void must be causally connected to the death of the insured.