24270

George Ronald SMALL, Petitioner v. ONEITA INDUSTRIES,
Employer, and Zurich Insurance Company, Carrier, Respondents.

(459 S.E. (2d) 306)

Supreme Court

*Stephen W. Evans* of *Friddle and Waikart,* Greenville, *for petitioner.*

*Duke K. McCall, Jr.* and *Jack H. Tedards, Jr.* both of *Leatherwood, Walker, Todd and Mann,* Greenville, *for respondents.*

Heard May 17, 1995.

Decided July 3, 1995; Reh. Den. July 31, 1995.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion reported at 314 S.C. 198, 442 S.E. (2d) 213 (Ct. App. 1994). We affirm.

## FACTS

Small filled out an employment application for Respondent, Oneita Industries, in which he denied ever having any back problems. In fact, Small had a twenty-five percent disability rating due to back injuries suffered in prior employment. Unaware of his back problems, Oneita hired Small as a materials handler.[1] Small injured his back in March 1991 while pushing a 200-pound box full of cloth. He did not return to work but was not officially terminated subsequent to his injury. Small's application for worker's compensation was denied by the Single Commissioner on the ground the claim was barred by this Court's opinion in *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 196 S.E. (2d) 833 (1973). The Full Commission affirmed, as did the Circuit Court and the Court of Appeals.

## ISSUE

If, subsequent to an employee's injury, an employer discovers the employee misrepresented his physical condition, is the employer liable for worker's compensation benefits if it fails to terminate the employee?

## DISCUSSION

In *Cooper v. McDevitt & Street Co.*, we adopted the rule enunciated by Professor Larson that an employee's false statement in an employment application bars recovery of worker's compensation benefits if: (1) the employee knowingly and wilfully makes a false representation as to his physical condition, (2) the employer relies upon the representation and the reliance is a substantial factor in the hiring, and (3) there is a causal connection between the false representation and the injury. 1B Larson, *The Law of Workmen's Compensation* § 47.53 (1994).

Small concedes the elements of *Cooper* are met in this case. However, he contends certain language in *Cooper* requires, **in addition**, that an employer terminate the employment relationship upon learning of an employee's false statement.[2] We disagree.

---

[1] An agent of employer testified that knowledge of Small's prior injury would not have affected its decision to **hire** him, but would have affected its job **placement** of Small.

[2] We need not address, in the present case, whether *Cooper* applies in a situation where an employer learns of a misrepresentation **prior** to an injury

In *Cooper*, there is dictum to the effect that an employee's false representation inducing his employment does not make his employment contract void but merely voidable at the employer's option. Contrary to Small's contention, this language did not add a fourth element to *Cooper*. We find no authority to hold that the failure to terminate an employee upon discovery of a misrepresentation **subsequent** to an injury vitiates the employer's reliance. To so hold would be to require an employer who learns of a misrepresentation subsequent to an injury to elect either termination, in which case it may be subject to a wrongful discharge suit, or retention of the employee, in which case it is liable for worker's compensation. We decline to put the employers of this state on the horns of such a dilemma.

We adhere to our opinion in *Cooper* and subsequent decisions reaffirming the three elements set forth therein. *See Vines v. Champion Building Products*, — S.C. —, 431 S.E. (2d) 585 (1993); *Givens v. Steel Structures, Inc.*, 279 S.C. 12, 301 S.E. (2d) 545 (1983); *Carroll v. Jackson National Life Ins.*, 304 S.C. 491, 405 S.E. (2d) 425 (Ct. App. 1991); *Ferguson v. R.F. Moore Constr. Co.*, 298 S.C. 457, 381 S.E. (2d) 496 (Ct. App. 1989); *McLeod v. Piggly Wiggly Carolina*, 280 S.C. 466, 313 S.E. (2d) 38 (Ct. App. 1984).

The Court of Appeals' opinion is

Affirmed.

FINNEY, C.J., TOAL and MOORE, JJ., and JOHN C. HAYES, III, Acting Associate Justice, concur.

<hr/>

but nonetheless retains the employee. We note however that other jurisdictions are divided as to whether such knowledge vitiates an employer's reliance on the misrepresentation. *See generally Annotation* 12 ALR (5th) 658 (1993).