**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pablo Lopez, Claimant, Appellant,

v.

Alan F. McNeal, LLC, Employer, and South Carolina Uninsured Employers' Fund, Carrier, Respondents.

Appellate Case No. 2022-001012

───────────────

Appeal From the Workers' Compensation Commission

───────────────

Unpublished Opinion No. 2025-UP-151
Submitted March 1, 2025 – Filed April 30, 2025

───────────────

**AFFIRMED**

───────────────

William G. Jenkins, Jr., of Jenkins Law Firm, P.A., of Hilton Head Island, for Appellant.

Otto Edworth Liipfert, III, of Griffith Freeman & Liipfert, LLC, of Beaufort, for Respondent Alan F. McNeal, LLC.

Jared Cyle Williams, of Mount Pleasant, for Respondent South Carolina Uninsured Employers' Fund.

───────────────

**PER CURIAM:** Pablo Lopez appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission, which uphheld a finding by the single commissioner that Lopez was not covered under the South Carolina Workers' Compensation Law (the Act)[1] because he was an independent contractor, not an employee. We affirm pursuant to Rule 220(b), SCACR.

We hold the Appellate Panel did not err in finding Lopez was an independent contractor because Lopez failed to prove he was an employee of Alan McNeal, LLC (McNeal). *See McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 469, 313 S.E.2d 38, 39 (Ct. App. 1984) ("No award under the Workers' Compensation Law is authorized unless the employer-employee or master-servant relationship existed at the time of the alleged injury for which claim is made."); *Lewis v. L.B. Dynasty*, 411 S.C. 637, 641, 770 S.E.2d 393, 395 (2015) ("The burden of proving the relationship of employer and employee is upon the claimant, and this proof must be made by the greater weight of the evidence."); *Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 299, 676 S.E.2d 700, 702 (2009) ("Because the question is jurisdictional, the [c]ourt may take its own view of the preponderance of the evidence."); *Lewis*, 411 S.C. at 641, 770 S.E.2d at 395 ("We construe workers' compensation law liberally in favor of coverage to further the beneficent purpose of the . . . Act; accordingly, only exceptions and restrictions to coverage are strictly construed."). We find the right of control, furnishing of equipment, and method of payment factors weighed in favor of finding Lopez was an independent contractor. *See Wilkinson*, 382 S.C. at 299, 676 S.E.2d at 702 ("[T]he determination of whether a claimant is an employee or independent contractor focuses on the issue of control, specifically whether the purported employer had the right to control the claimant in the performance of his work."); *id.* ("In evaluating the right of control, the [c]ourt examines four factors which serve as a means of analyzing the work relationship as a whole: (1) direct evidence of the right or exercise of control; (2) furnishing of equipment; (3) method of payment; (4) right to fire."); *id.* at 307, 676 S.E.2d at 706 ("[T]he common law factors—right or exercise of control, method of payment, furnishing of equipment[,] and right to fire—should be evaluated in an evenhanded manner in determining whether the questioned relationship is one of employment or independent contractor."). First, the evidence showed Lopez did not have set work hours, was allowed to determine how many people to bring to the job site, was given the blueprints for the framing job, was only told generally to keep the job site clean, and testified that he framed this house the same way he framed every other house. Therefore, we find the right to control factor weighed in favor of

---

[1] S.C. Code Ann. §§ 42-1-10 to 42-19-50 (2015 & Supp. 2024).

finding Lopez was an independent contractor.  *See Young v. Warr*, 252 S.C. 179, 189, 165 S.E.2d 797, 802 (1969) ("It is not the actual control then exercised, but whether there exists the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment."); *id.* at 196, 165 S.E.2d at 805 ("[T]he reserved control, to have the effect of making the relation that of employer and employee 'must be both general and special, and not only as to what work shall be done, but also how it shall be done.'" (quoting *Rogers v. Florence R.R. Co.*, 31 S.C. 378, 388, 9 S.E. 1059, 1062 (1889))).  Second, we find the furnishing of equipment factor also weighed in favor of finding Lopez was an independent contractor because Lopez was expected to bring all his own tools to the job site and owned all the tools necessary to complete the job, except one nail gun that he possibly borrowed from McNeal without McNeal's knowledge.  *See Ramirez v. May River Roofing, Inc.*, 433 S.C. 519, 529, 860 S.E.2d 680, 685 (Ct. App. 2021) ("An owner who purchases and supplies equipment tends to retain the right to control how the equipment is used.  The inference of control in this situation 'is a matter of common sense and business.'" (quoting *Shatto v. McLeod Reg'l Med. Ctr.*, 406 S.C. 470, 479, 753 S.E.2d 416, 421 (2013))).  Third, although it was unclear whether McNeal agreed to pay Lopez by the job or by the week, it was clear that the full amount for Lopez and the three other workers was paid to Lopez, who kept a larger portion, and the four men decided amongst themselves how the payment would be divided without input from McNeal; therefore, the method of payment factor weighed in favor of finding Lopez was an independent contractor.  *See Lewis*, 411 S.C. at 645, 770 S.E.2d at 397 ("When considering [the method of payment] prong, typically a court looks to whether the claimant was paid by the job or by the hour and how the claimant filed her taxes.").  Lastly, we find there is insufficient evidence in the record to analyze the right to fire factor because there was no testimony about the ability to immediately terminate a working relationship or finish the job or anything about terms of the parties' working relationship.  *See Ramirez*, 433 S.C. at 530, 860 S.E.2d at 686 ("The right to unilaterally and immediately end the relationship without future liability is a hallmark of an employment relationship.  An independent contractor, however, typically has the right to complete the job unless the parties' agreement provides otherwise." (citation omitted)).  Because we find three factors weigh in favor of finding Lopez was an independent contractor, we hold the Appellate Panel did not err in concluding Lopez was not covered under the Act.  *See Wilkinson*, 382 S.C. at 307, 676 S.E.2d at 706 ("[T]he common law factors—right or exercise of control, method of payment, furnishing of equipment[,] and right to fire—should be evaluated in an evenhanded manner in determining whether the questioned relationship is one of employment or independent contractor.").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.