586 S.E.2d 111

Sandra JONES, Appellant,

v.

GEORGIA–PACIFIC CORPORATION, Self-
Insured Employer, Respondent.

No. 25710.

Supreme Court of South Carolina.

Heard April 23, 2003.
Decided Aug. 25, 2003.

414

Albert V. Smith, of Albert V. Smith, P.A., of Spartanburg, for appellant.

Grady L. Beard, and Marcy J. Lamar, of Sowell Gray Stepp & Laffitte, L.L.C., both of Columbia, for respondent.

CHIEF JUSTICE TOAL:

Sandra Jones ("Claimant") appeals the affirmance of the Worker's Compensation Commission's ("Commission") finding that she was not entitled to benefits because she committed fraud in filling out her employment application.

### FACTUAL/PROCEDURAL BACKGROUND

Claimant applied for a job at Georgia Pacific ("Respondent") in 1991. The application requested that Claimant respond to the following question: "Do you have any physical or mental disability which would interfere with or impair your ability to perform the job(s) for which you have applied?" Claimant checked the "No" box on the application. Claimant had to fill out a health history form as a part of her pre-employment physical exam, on which she was asked to check off whether or not she had various prior medical conditions. Claimant failed to disclose that she had had back trouble, leg pain and Bursitis on the health history form.[1] In her testimony before the Hearing Commissioner, Claimant admitted to lying on the application and health history form.

Claimant received a job offer from Respondent and began working as a General Laborer. While working for Respondent over the ensuing six years, Claimant repeatedly returned to her doctor, Dr. Poole, due to nagging back and leg pain. Then, on August 7, 1997, Claimant was picking up large pieces of cardboard and felt something "pop" in her back. She complained of the pain to her superiors, and they sent her to the Respondent's doctor, Dr. Hodge, who determined that nothing major was wrong with Claimant's back.[2] Claimant sought help from Dr. Poole and three other doctors over the

---

1. Claimant also failed to disclose that she had a back X–Ray taken.

2. Dr. Hodge diagnosed her as having mild lumbosacral muscle strain.

next two years, had two back surgeries, and finally had to stop working in 1999.

Claimant filed a claim seeking benefits under the South Carolina Workers' Compensation Act, S.C.Code Ann. §§ 42–1–10 et seq., stemming from her August 7, 1997, back injury. Commissioner Catoe agreed with Claimant that she suffered an accidental injury on August 7, 1997, and that her continued back problems and eventual surgery resulted from the injury. The Commissioner determined that Respondent should pay all of Claimant's post August 7, 1997, medical bills and ordered that Respondent pay Claimant a weekly temporary total disability payment of $321.12.

Respondent appealed the decision, and the full Commission reversed, finding that the Claimant did not establish that her back problems were directly and causally related to the August 7, 1997, incident and that, regardless, her claim was barred by this Court's holding in *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 196 S.E.2d 833 (1973) because she committed fraud in filling out her application for employment.

The Circuit Court affirmed the Commission's holding, and Claimant appeals the court decision raising the following issues on appeal:

I. Did the Circuit Court correctly determine that the Commission did not err in finding that Claimant's back problems did not directly and causally relate to her accidental injury on August 7, 1997?

II. Did the Circuit Court err in affirming the Commission's finding that Claimant's claim for Worker's Compensation is barred because she committed fraud in filling out her employment application?

III. Did the Circuit Court err in finding that the Commission's decision in *Oglesby v. Manpower of Seneca*, S.C. Worker's Compensation file number 9643449/9714003 (September 25, 2000), was not controlling?

### STANDARD OF REVIEW

This Court will not overturn a decision by the Commission unless the determination is unsupported by substantial evidence. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d

304 (1981). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action." *Howell v. Pacific Columbia Mills,* 291 S.C. 469, 354 S.E.2d 384 (1987).

### LAW/ANALYSIS

## I. INJURY

■ Claimant asserts that the Commission erred in determining that her existing back problems are not directly and causally related to her August 7, 1997, injury. We disagree.

Claimant saw many doctors after her accident on August 7, 1997, and there is conflicting testimony as to whether the doctors believed that the accident caused Claimant's subsequent back problems. Claimant saw Dr. Mitchell shortly after the accident. Dr. Mitchell prescribed physical therapy for Claimant, which seemed to suppress some of the pain. Dr. Mitchell opined that Claimant had significant back problems prior to the accident.

Dr. Poole referred the Claimant to Dr. Robert E. Flandry in March 1999. Dr. Flandry was unaware of Claimant's long history of back problems, yet he also opined that she had back problems prior to the 1997 accident. Claimant's regular doctor, Dr. Poole, testified that Claimant had a history of back problems, but also stated that Claimant had a "major problem" as of August 8, 1997.

Dr. Flandry referred Claimant to Dr. Robert Stephen Harley, who performed surgery on Claimant in June 1999. Harley testified that he believed that the August 7, 1997, incident caused Claimant's resulting back problems:

I feel that the straw that broke the camel's back was when she lifted those heavy pieces of cardboard when she was on the job in September of 1997 as she describes. I think indeed she may have had some aches and pains in her back before but that indeed it was the last straw that broke the camel's back that caused her to have this aggravation of her problems.

While the doctors' testimony is inconsistent as to whether the August 7, 1997, injury triggered Claimant's subsequent

back problems, we find there was substantial evidence presented upon which the Commission could conclude that Claimant's injuries were not directly and causally related to the August 7, 1997, accident. Our standard of review does not permit us to weigh the evidence and make our own determination. We are bound to uphold the Commission's decision unless its factual determination is not supported by substantial evidence. *Howell*, 291 S.C. 469, 354 S.E.2d 384: *see also* S.C.Code Ann. § 1–23–386(A)(6) (Supp.2002) ("the court shall not substitute its judgment for that of the agency as to the weight of evidence on the questions of fact.")

## II. Fraud in the Employment Application

■ Claimant argues that the Commission erred in holding that her claim for benefits was barred since she committed fraud in filling out her employment application. We disagree.

■ Claimant testified that she lied when she filled out the employment application when she failed to disclose that she had prior back problems. According to this Court's decision in *Cooper*, a Claimant's claim for Worker's Compensation benefits will be barred if the following factors are proven: "(1) The employee must have knowingly and willfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury." 260 S.C. at 468, 196 S.E.2d at 835 (citation omitted).

The Respondent put forth substantial evidence that satisfied the three prongs of this test. First, Claimant testified that she lied on the application and health history form when she failed to disclose her history of back and leg problems. She testified that she was afraid that she would not get the job with Respondent if she responded truthfully on the forms. Second, Respondent's Human Resource Manager, Philip Stilwell ("Stilwell"), testified that the fact that Claimant had prior physical ailments would not have barred her from working for Respondent.[3] Rather, Respondent would have attempted to

---

3. Next to the question on the employment application—"Do you have any physical or mental disability which would interfere with or impair

find a job for Claimant that would not subject a pre-existing physical impairment to further deterioration. Stilwell also testified that Respondent relies on the answers given by applicants on the employment application and considers them as a substantial factor in hiring the applicants. Finally, there is a causal connection between Claimant's injuries and the false representation as she had documented back problems prior to employment and claims that she injured her back while working for Respondent.

We hold that the Respondent presented substantial evidence that the three prongs of the *Cooper* test were satisfied.

### III. THE *OGLESBY* DECISION

Claimant argues that the Commission's prior decision in *Ogelsby* is controlling. We disagree.

*Ogelsby* was decided the day before the Comission made its decision in this matter. In *Ogelsby*, the same panel members involved in this case determined that the *Cooper* decision had been overruled by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. (2000). Claimant alleges that the Commission's conclusion in the present case was arbitrary and capricious given the prior holding in *Ogelsby*, and that this Court should reverse the decision based on a provision of the Administrative Procedures Act, S.C.Code Ann. § 1–23–380(A)(6)(f) (Supp.2002).[4]

█ In our opinion, the ADA does not trump the *Cooper* determination of when fraud in the application process bars the applicant's attempt to collect Worker's Compensation benefits. The ADA permits employers to "make preemployment

---

your ability to perform the job(s) for which you have applied?"—was the statement: "A 'yes' answer is not an automatic bar to employment."

4. The provision states:

(6) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

inquiries into the ability of an applicant to perform job-related functions." 42 U.S.C. § 12112(d)(2)(B). The section mentioned above authorizes the Respondent's question on its employment application regarding the existence of a physical or mental impairment. Further, the ADA does not have a section that provides protection to an applicant who commits fraud in the application process.

We find that the Commission was neither arbitrary nor capricious in concluding that the three *Cooper* factors were met because there was substantial evidence presented to support that determination.

### CONCLUSION

For the reasons set forth above, we **AFFIRM** the Circuit Court's determination that the Commission did not err in concluding that Claimant's claim for benefits was barred.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.