THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tarrie J. Powell, Respondent,
 v.
 Talbots, Inc., and Travelers Indemnity Company, Appellants.
 
 
 

Appeal From Richland County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2006-UP-083
Submitted February 1, 2006  Filed February 10, 2006    

AFFIRMED

 
 
 
 Byron P. Roberts, Tally & Roberts, LLC, of Columbia, for Appellants.
 A. Parker Barnes, Jr., A. Parker Barnes, Jr. & Assoc., of Beaufort, Andrew Nathan Safran, Andrew N. Safran, LLC, of Columbia, Ann McCrowey Mickle, Law Offices of Ann McCrowey Mickle, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  In this workers compensation action, the single commissioner and an appellate panel of the Workers Compensation Commission determined that the employer did not offer, and claimant did not refuse, suitable employment.  The circuit court affirmed.  Appellants argue to us that there exists substantial evidence to support their position that claimant failed to respond to the employers offer of employment, rendering her ineligible to receive further compensation.  We affirm pursuant to Rule 220(b)(2), SCACR.[1]  
1.  Appellants misapprehend the applicable standard of review in an appeal from the Commission.  This case presents the typical factual dispute where evidence could be reasonably interpreted to support the position of either party.  In such circumstances, the factfinderthe Commissionmust make the decision.  Jones v. Georgia-Pacific Corp., 355 S.C. 413, 417, 586 S.E.2d 111, 113 (2003) (Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action. (quoting Howell v. Pacific Columbia Mills, 291 S.C. 469, 354 S.E.2d 384 (1987))).  Thus, the mere presence of some evidence supporting the position of an appellant does not entitle the appellant to a reversal of the Commissions decision.  It is the absence of substantial evidence supporting the Commissions decision that entitles an appellant to relief.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (finding that the Commissions decision will not be overturned unless unsupported by substantial evidence). 
2.   We have reviewed the record and conclude substantial evidence supports the Commissions determination that the employer failed to establish that it offered suitable employment to the claimant.
AFFIRMED.
HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur.

[1]   We decide this case without oral argument pursuant to Rule 215, SCACR.