747 S.E.2d 430

**Darren L. POLLACK, Employee, Appellant,**

**v.**

**SOUTHERN WINE & SPIRITS OF AMERICA, Employer, and Specialty Risk Services, Inc., Carrier, Respondents.**

Appellate Case No. 2011–200466.

No. 27285.

Supreme Court of South Carolina.

Heard May 14, 2013.

Decided July 17, 2013.

Rehearing Denied Aug. 29, 2013.

Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Carmelo B. Sammataro and Cynthia C. Dooley, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

Justice KITTREDGE.

This is a direct appeal from an order of the Workers' Compensation Commission denying Temporary Total Disability benefits. Following Appellant Darren L. Pollack's injury on the job, his employer accommodated his work restrictions by providing him light duty employment. Thereafter, Appellant was discharged for violating a company policy by failing to report an accident involving an employer vehicle. Appellant filed a claim seeking Temporary Total Disability benefits. The Workers' Compensation Commission denied the claim, holding Appellant's termination and resulting incapacity to earn wages was due to his violation of company policy and not his work-related injury. We affirm.

**I.**

Appellant was employed by Respondent Southern Wine & Spirits of America as a drivers' supervisor.[1] On March 31, 2010, Appellant suffered an admitted injury to his back while lifting a case of alcohol. Appellant was seen by a physician and returned to work five days later on April 5 with restrictions, including lifting restrictions not to exceed 15 pounds. Respondent accommodated Appellant's work restrictions and, at his full salary, assigned him to light duty in the same position he held prior to the injury.

---

1. Our reference to Respondent in the singular is to the employer, Southern Wine & Spirits of America, although we recognize that the insurance carrier is an additional named Respondent.

Approximately two months later, on May 27, Appellant responded to an accident involving another company vehicle assigned to Jessie Richardson. Respondent's company policy states that "All accidents and incidents with a vehicle must be reported, whether or not there is damage to the Company vehicle, another vehicle, or other property" and that "All accidents in a Company vehicle, at fault or not, must be immediately reported to the Driver Supervisor. Failure to report an accident will result in immediate termination." Appellant completed his investigation of the initial accident involving Richardson's vehicle. As he was leaving the scene, Appellant's company vehicle hit the side of Richardson's vehicle. Appellant claimed he surveyed his company vehicle and only saw what he described as a line of dirt on the vehicle, as opposed to any real property damage. Appellant did not report the collision between his vehicle and Richardson's to Respondent.[2]

Respondent suspended Appellant pending an investigation. At the direction of his supervisors, Appellant subsequently completed an accident report detailing the incident. Following routine drug and breath alcohol tests, Appellant was reinstated by his local superiors on June 4, pending review by Respondent's corporate office in Miami, Florida. On June 15, Respondent terminated Appellant for his failure to report the accident.

Thereafter, Appellant filed a Workers' Compensation Form 50 seeking Temporary Total Disability (TTD) compensation for the admitted injury to his back from June 15, the date of his termination. Respondent opposed Appellant's request for TTD benefits and asserted he was terminated for cause and therefore ineligible for TTD compensation.

At the hearing before the single commissioner, Appellant, who admitted he had previous infractions during his employment, testified he was aware of the company policy, but maintained that he decided the accident was not serious enough to warrant a formal report.

---

2. The employer was informed of Appellant's accident by Richardson. As discussed *infra*, Richardson prepared a written statement, which was admitted into evidence at the workers' compensation hearing over Appellant's objection on hearsay grounds.

Sonny Blocker, Appellant's supervisor and Respondent's plant manager, testified the decision to terminate Appellant went through the human resources department and ultimately came from the company headquarters in Miami. Blocker also testified that other employees have been terminated for failing to report incidents or accidents in the past. Additionally, Blocker stated that, but for Appellant's violation of company policy, Appellant would still be working in a light duty capacity for Respondent.

The single commissioner denied Appellant's request for TTD compensation. The commissioner held Appellant failed to prove his entitlement to TTD benefits, concluding that Appellant was terminated for cause for violating company policy. An appellate panel of the Workers' Compensation Commission (the Commission) affirmed the single commissioner's denial of TTD compensation. The Commission concluded that Respondent accommodated Appellant's work restrictions until he was terminated. Moreover, the Commission found Appellant was terminated for cause stemming from violations of company policy and stated:

> Pursuant to S.C.Code § 42–9–260, an employer is required to pay temporary total disability benefits when the employee is out of work due to a reported work-related injury. Nothing in this statute can be read for the proposition that an employer may never terminate for cause an employee who is otherwise entitled to receive temporary total disability payments.

Thus, the Commission determined that Appellant was not out of work due to his injury, but rather for violating company policies that led to his termination for cause. It reasoned that to hold otherwise would lead to an absurd result in which an employer could never terminate a light duty, accommodated employee without triggering TTD benefits. This appeal followed.

## II.

Under the Administrative Procedures Act (APA), an appellate court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of

law. S.C.Code Ann. § 1–23–380(5) (Supp.2012). "This Court will not overturn a decision by the Commission unless the determination is unsupported by substantial evidence." *Jones v. Georgia–Pacific Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003) (citing *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981)). " 'Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action.' " *Id.* at 417, 586 S.E.2d at 113 (quoting *Howell v. Pacific Columbia Mills*, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987)).

## III.

■ Appellant argues the Commission erred in denying him TTD compensation.[3] We disagree.

Pursuant to section 42–9–260 of the South Carolina Code, TTD payments may begin when "an employee has been out of work *due to* a reported work-related injury . . . for eight days[.] . . ." S.C.Code Ann. § 42–9–260 (Supp.2012) (emphasis added). Under the workers' compensation regulations, disability is considered "incapacity *because of injury* to earn wages which the employee was receiving at the time of the injury in the same or any other employment." 25A S.C.Code Reg. 67–502(B)(1) (Supp.2012) (emphasis added). A disability is "presumed to continue until the employee returns to work or compensation is otherwise suspended or terminated according to Section 42–9–260." *Id.* An employer is not obligated to pay TTD benefits if the employee has returned to work for more than 15 days or the employee has been released by the treating physician for limited duty work and the employer provides limited duty work consistent with the terms upon which the employee has been released. *Id.*

Appellant seeks to avoid the law of substantial evidence by suggesting that "as a matter of law, when the injured worker is under work restrictions, the employer must either offer suitable employment within the injured worker's capacity or pay temporary total disability compensation." We do not

---

3. Respondent contends the Commission's order is not immediately appealable. We disagree and summarily reject this contention pursuant to Rule 220(b)(1), SCACR.

disagree with Appellant's proposition, but find it has no application here, for it is premised on the false assumption that Respondent did not offer suitable employment within his restrictions. It is beyond dispute that Respondent offered Appellant continued employment within his light duty restrictions, which was accepted by Appellant. Thus, in this case we are presented with a factual determination, not a question of law.

It appears Appellant seeks to have this Court construe South Carolina's workers' compensation laws to mandate the payment of TTD benefits, regardless of the factual circumstances of the particular case, whenever an employee is discharged from an accommodated, light duty position. We categorically reject such an interpretation, as the fallacy in Appellant's position is self-evident.[4] *See Lancaster Cnty. Bar Ass'n v. S.C. Comm'n on Indigent Defense*, 380 S.C. 219, 222, 670 S.E.2d 371, 373 (2008) ("In construing a statute, this Court will reject an interpretation when such an interpretation leads to an absurd result that could not have been intended by the legislature.").

Pursuant to section 42–9–260 and the accompanying regulations, the entitlement of TTD benefits is premised on a nexus between the work-related injury and the inability to earn wages. An injured employee will be entitled to TTD compensation when his incapacity to earn wages is *due to* or *because of* the injury. *See Travelscape, LLC v. S.C. Dep't of Rev.*, 391 S.C. 89, 98, 705 S.E.2d 28, 33 (2011) ("Where the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). This is a quintessential factual question for the fact-

---

4. To accept Appellant's argument that, as a matter of law, no employer may *ever* terminate an injured, accommodated employee without incurring responsibility for TTD benefits would be contrary to section 42–9–260 and applicable regulations. Appellant's interpretation of the law would essentially insulate injured employees who engage in misconduct while employed in rehabilitative settings and essentially tie the hands of an employer who has sought to accommodate the employee to the best of its ability. Such an unwarranted construction of the statutory and regulatory language would have the additional and undesirable effect of discouraging employers from endeavoring to accommodate injured workers with light duty work.

finder, the Commission. *See, e.g., Johnson v. Rent–A–Center, Inc.*, 398 S.C. 595, 730 S.E.2d 857 (2012) (holding substantial evidence supports the Commission's findings that the employee was disabled and entitled to TTD benefits). As a result, this Court is limited to determining whether substantial evidence supports the Commission's finding that Appellant's inability to earn wages was a result of his termination for cause, not his work-related injury.

While we are constrained by the substantial evidence standard of review, we do agree with Appellant that an employer's denial of TTD benefits must be scrutinized carefully. Certainly, this is a critically important task for the Commission in its fact-finding role. Having thoroughly reviewed the record, we are persuaded the single commissioner and the Commission thoughtfully considered the evidence, remaining sensitive to an employer's possible motivation to "look for" a reason to fire an injured worker.[5]

We hold there is substantial evidence to support the Commission's finding that Appellant's incapacity to earn wages was due to his termination for cause, not his work-related injury. It is undisputed that Appellant, who never received TTD benefits, was accommodated by Respondent within his light duty work restrictions. Appellant was permitted to remain in his position, subject to the 15–pound lifting restriction. Further, Appellant admits he violated company policy by not

---

5. The jurisprudence in this area reflects the Commission's commendable recognition of the natural motivations that may be at play when an employer seeks to deny or terminate TTD benefits. *See, e.g., Johnson,* 398 S.C. 595, 730 S.E.2d 857 (affirming the Commission's award of TTD benefits and rejection of the employer's argument that it attempted to accommodate the employee's injury and that its purported offer of light duty work was reasonable); *Last v. MSI Const. Co.,* 305 S.C. 349, 409 S.E.2d 334 (1991) (affirming the Commission and holding substantial evidence supported the continuation of TTD benefits where the employer sought to terminate TTD benefits based on a claimant's refusal to accept medical care while the claimant was incarcerated); *Davis v. UniHealth Post Acute Care,* 402 S.C. 541, 741 S.E.2d 770 (Ct.App.2013) (affirming the Commission and holding substantial evidence supported the Commission's determination that the employer was required to pay TTD compensation to the claimant where the claimant did not refuse employment by falling asleep briefly on the job). Here, the Commission has made a factual determination contrary to Appellant's position, and that finding is manifestly supported by substantial evidence.

reporting the accident involving the company vehicle.[6] We find there is substantial evidence to support the Commission's finding that Appellant was terminated for cause and therefore Appellant's inability to earn wages was not *due to* or *because of* a work-related injury.[7]

## IV.

Because the decision of the Commission denying Appellant TTD benefits is supported by substantial evidence, it is affirmed.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.

6. Appellant further acknowledged that his conduct at work prior to his injury had not been ideal. Respondent, through counsel, characterizes Appellant's previous work history as putting him on "thin ice." While this characterization is likely hyperbole, Appellant's less than model employment weighs against the suggestion that he was terminated due to his work injury.

7. Pursuant to Rule 220(b)(1), SCACR, we affirm Appellant's challenge to the Commission's consideration of Jessie Richardson's written statement. Having determined that the decision of the Commission is supported by substantial evidence, we decline to address the Commission's discussion of the doctrine of constructive refusal.