**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Gayla Ramey, Employee, Appellant/Respondent,

v.

Unihealth Post Acute Care Tanglewood, Employer, and American Zurich Insurance Company, Carrier, Respondents/Appellants.

Appellate Case No. 2012-212326

———————————

Appeal From The South Carolina Workers' Compensation Commission

———————————

Unpublished Opinion No. 2014-UP-288
Heard October 10, 2013 – Filed July 16, 2014

———————————

**AFFIRMED**

———————————

Mark Calhoun, of Calhoun Law Firm, of Lexington, for Appellant/Respondent.

Daniel Addison, of Hedrick, Gardner, Kinchloe & Garofalo, LLP, of Columbia for Respondents/Appellants.

———————————

**PER CURIAM:** This case involves the cross-appeals of the order of the Appellate Panel of the South Carolina Workers' Compensation Commission ordering Unihealth Post Acute Care Tanglewood and American Zurich Insurance Company (collectively Employer) to pay claimant Gayla Ramey temporary total disability (TTD) benefits. Ramey challenges the Appellate Panel's determination of the compensation rate. Employer argues Ramey should be barred from receiving TTD benefits. We affirm.

(1) We find the Appellate Panel did not err in holding Ramey was entitled to TTD benefits. *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2013) (providing under the Administrative Procedures Act (APA), an appellate court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Jones v. Georgia-Pacific Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003) (stating an appellate court will not overturn a decision by the Commission unless the determination is unsupported by substantial evidence); *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence."); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the Commission are conclusive."); *Pollack v. S. Wine & Spirits of Am.*, 405 S.C. 9, 15-16, 747 S.E.2d 430, 433-34 (2013) (rejecting claimant's assertion that South Carolina's workers' compensation laws mandate the payment of TTD benefits, regardless of the factual circumstances of the particular case, whenever an employee is discharged from an accommodated, light duty position and noting it is a quintessential factual question for the Commission whether the claimant's inability to earn wages was a result of his termination for cause, not his work-related injury); *id.* at 16, 747 S.E.2d at 434 (explaining employer's denial of TTD benefits must be scrutinized carefully and this is a critically important task for the Commission in its fact-finding role); *id.*

(recognizing the Commission remained sensitive to an employer's possible motivation to "look for" a reason to fire an injured worker).

Ramey testified it was her understanding that she was entitled to be paid for time for doctor visits and that no one had told her differently. She explained that on the day she fell, she was paid for the time she went to the doctor's office. While Ramey admitted she signed the form acknowledging she would not be compensated by Employer for any time lost to doctor's appointments, she explained she did not read everything that day because she was in pain and had to sign the paperwork before she was allowed to go to Doctor's Care. Although Ramey's supervisors knew she had had been at a doctor's appointment but had not deducted the time on her time sheet, they did not indicate they had any problem approving Ramey's time sheet. There is no indication in the record either supervisor was disciplined for signing the sheet. We find substantial evidence supports the Appellate Panel's conclusion that Employer used the incorrect time sheet as an excuse to terminate Ramey's employment.

In addition, we find substantial evidence in the record supports the Appellate Panel's conclusion Ramey was temporarily disabled. Ramey's treating physician imposed restrictions on Ramey's ability to work and the independent medical examiner opined Ramey should not return to work until she received further treatment.

(2) We find no error in the Appellate Panel calculation of Ramey's compensation rate using Ramey's earnings from the last four quarters of Ramey's employment rather than her earnings for the last 52 weeks of her employment. *See* S.C. Code Ann. § 42-1-40 (Supp. 2013) (providing the primary method of calculating the average weekly wage as "taking the total wages paid for the last four quarters immediately preceding the quarter in which the injury occurred . . . divided by fifty-two or by the actual number of weeks for which wages were paid, whichever is less"); *id.* ("When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."); *Williams v. David Stafford Drywall*, 402 S.C. 173, 179, 739 S.E.2d 892, 896 (Ct. App. 2013) ("The statute provides an elasticity or flexibility with a view toward always achieving the ultimate objective of reflecting fairly a claimant's probable future earning loss."); *id.* at 179-80, 739 S.E.2d at 896 (stating the goal of calculating wages is to arrive at a fair approximation of the claimant's probable future earning capacity). We hold

Ramey failed to establish an exceptional reason that would make the Commission's calculation of her average weekly wage unfair to her.

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**