**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oliver M. Wiley, Employee, Appellant,

v.

Sumter County, Employer, and South Carolina Counties Workers' Compensation Trust, Carrier, Respondents.

Appellate Case No. 2015-000324

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-322
Submitted April 1, 2016 – Filed June 22, 2016

**AFFIRMED**

John Derrick Clark, of Clark Law Firm, LLC, of Sumter, for Appellant.

Anne Veatch Noonan, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, for Respondents.

**PER CURIAM:** Oliver M. Wiley appeals an order from the South Carolina Workers' Compensation Commission Appellate Panel (the Appellate Panel) denying him temporary total disability (TTD) for injuries to his back and left hip. Wiley argues the Appellate Panel erred in finding (1) he was terminated for cause and thus not entitled to TTD benefits and (2) he is not entitled to TTD benefits for

any period of time following his work accident.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 1-23-380(5) (Supp. 2015) (providing under the Administrative Procedures Act (APA), an appellate court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Jones v. Ga.-Pac. Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003) (stating an appellate court will "not overturn a decision by the [Appellate Panel] unless the determination is unsupported by substantial evidence"); *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (quoting *Tennant v. Beaufort Cty Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009))); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence."); S.C. Code Ann. § 42-9-260(A) (2015) (providing TTD payments may begin when "an employee has been out of work due to a reported work-related injury . . . for eight days");  S.C. Code Ann. Regs. 67-502(B)(1) (2012) (defining disability as the "[i]ncapacity because of injury to earn wages which the employee was receiving at the time of injury in the same or any other employment"); S.C. Code Ann. Regs. 67-502(B)(2) (2012) (stating a disability is "presumed to continue until the employee returns to work or compensation is otherwise suspended or terminated according to section 42-9-260"); *Pollack v. S. Wine & Spirits of Am.*, 405 S.C. 9, 15, 747 S.E.2d 430, 433 (2013) ("Pursuant to section 42-9-260 and the accompanying regulations, the entitlement of TTD benefits is premised on a nexus between the work-related injury and the inability to earn wages.  An injured employee will be entitled to TTD compensation when his incapacity to earn wages is *due to* or *because of* the injury."); *id.* at 16, 747 S.E.2d at 434 ("As a result, this [c]ourt is limited to determining whether substantial evidence supports the [Appellate Panel's] finding that Appellant's inability to earn wages was a result of his termination for cause, not his work-related injury."); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Nettles v. Spartanburg Sch. Dist. #7*, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000) ("Where there is conflicting medical evidence . . . the findings of fact of the commission are conclusive.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.