# The Supreme Court of South Carolina

Isaac D. Brailey, Claimant, Respondent,

v.

Michelin North America, Inc., (US7), Employer, and
Safety National Casualty Corp., Carrier, Petitioners.

Appellate Case No. 2022-001688

---

## ORDER

---

After careful consideration of the petition for rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded, and hence, there is no basis for granting a rehearing. Accordingly, the petition for rehearing is denied. We deny rehearing but withdraw the previous opinion and substitute it with the attached opinion, which is amended only to add one sentence in the final paragraph.

s/ John W. Kittredge      C.J.

s/ John Cannon Few      J.

s/ George C. James, Jr.      J.

s/ D. Garrison Hill      J.

s/ Donald W. Beatty      A.J.

Columbia, South Carolina
October 2, 2024

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Isaac D. Brailey, Claimant, Respondent,

v.

Michelin North America, Inc., (US7), Employer, and Safety National Casualty Corp., Carrier, Petitioners.

Appellate Case No. 2022-001688

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 28214
Heard June 18, 2024 – Filed July 10, 2024
Re-Filed October 2, 2024

---

## AFFIRMED

---

Jasmine Denise Smith and Grady Larry Beard, Robinson Gray Stepp & Laffitte, LLC, of Columbia for Petitioners.

Stephen Benjamin Samuels, Samuels Reynolds Law Firm LLC, of Columbia for Respondent.

---

**PER CURIAM:** The workers' compensation commission denied Isaac D. Brailey benefits on four separate grounds. First, the commission held Michelin North America met its burden of proving the "fraud in the application" defense under

*Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 468, 196 S.E.2d 833, 835 (1973). Second, it found Brailey did not prove his claim was for an accidental injury under section 42-1-160 of the South Carolina Code (2015) and *Capers v. Flautt*, 305 S.C. 254, 407 S.E.2d 660 (Ct. App. 1991). Third, similar to the second point, it held that—even assuming Brailey injured his back by accident at work—the injury was intentional because he failed to inform Michelin he had substantial back pain in the weeks prior to his injury, and therefore the claim was barred by section 42-9-60 of the South Carolina Code (2015). Fourth, the commission found Brailey failed to meet his burden of proof that he injured his back as alleged.

The court of appeals reversed the commission on all four grounds. *Brailey v. Michelin N. Am., Inc.*, 438 S.C. 77, 81, 882 S.E.2d 172, 174 (Ct. App. 2022). It found "Brailey's injury is compensable" and remanded to the commission for calculation of his benefits. 438 S.C. at 81, 91, 882 S.E.2d at 174, 180. We affirm for the reasons explained by the court of appeals.

We are concerned, however, with the continued validity of *Cooper*. While the court of appeals was absolutely correct to find that Michelin failed to prove a causal connection as required by the third element of the *Cooper* test, 438 S.C. at 87, 882 S.E.2d at 178, we see two additional reasons to doubt whether the commission could deny benefits to Brailey under *Cooper*. Both of these reasons call into question whether we should—or even can—continue to use the *Cooper* test to determine the consequences of fraud in an employment application.

First, because of the Americans with Disabilities Act (ADA), it was not possible in this case for Michelin to satisfy the second element of the *Cooper* test. That element required Michelin to demonstrate that its reliance on any false representation Brailey made on his employment application was "a substantial factor in the hiring" decision. *Cooper*, 260 S.C. at 468, 196 S.E.2d at 835. Under the ADA, however, Michelin was not permitted to ask Brailey whether he had any back impairments until *after* it made the decision to hire him. *See* 5 *Larson's Workers' Compensation Law* § 66.04, 66-31 & n.12 (2000) (revised 2007 & 2014) (noting the ADA limits employer's ability to ask specific medical questions or require medical exams "before it makes a bona fide offer of employment"); 42 U.S.C. § 12112(a), (d) (defining "medical examinations and inquiries" to generally be unlawful "discrimination . . . on the basis of disability"). We cannot tell on the record before us whether this inconsistency between the ADA and *Cooper* will occur rarely or frequently, but as the *Cooper* test was written before the ADA was adopted, it simply does not work well anymore. *Cf. Jones v. Georgia-Pac. Corp.*, 355 S.C. 413, 419-20, 586 S.E.2d 111, 114-15

(2003) (discussing the interplay between the ADA and *Cooper* and holding "the ADA does not trump . . . *Cooper*").[1]

Second, the South Carolina Workers' Compensation Law does not address fraud in the application. *See* S.C. Code Ann. §§ 42-1-10 to 42-19-50 (2015 & Supp. 2023). To be clear, this Court does not in any way condone such fraud. But we believe the consequences of the fraud should be a legislative determination, not a judicial one. This is particularly true now that it has become necessary to rework the *Cooper* analysis to address the timing issues arising out of the ADA. In addition, as to the judicial determination we made in *Cooper*, it makes little sense to us to treat this as a jurisdictional question such that the consequence of fraud in the application is that the claimant is deemed not to be an employee. *See Brayboy v. WorkForce*, 383 S.C. 463, 466, 681 S.E.2d 567, 568 (2009) (explaining *Cooper* "is a jurisdictional issue" and that the Court "must determine if [claimant] was an employee at the time of his injury"); *Cooper*, 260 S.C. at 465-66, 196 S.E.2d at 834 (explaining the commission was asked to determine if the claimant was an employee and that "before the provisions of the Workmen's Compensation Act can become applicable, the relation of master and servant, or employer and employee must exist"); *see also Small v. Oneita Indus.*, 318 S.C. 553, 555, 459 S.E.2d 306, 307 (1995) (declining to extend the standard contract-law notion of fraud rendering a contract "voidable" to the *Cooper* defense because of the confusion and difficulty in applying ordinary contract law in this context). To illustrate our point, the commission's decision in this case that Brailey was not an employee means he was not bound by the exclusivity provision in section 42-1-540 of the South Carolina Code (2015). He was therefore free to bring a civil action against Michelin in circuit court. In adopting the Workers' Compensation Law almost 90 years ago, Act No. 610, 1936 S.C. Acts 1231, our General Assembly made the decision that an "employee 'receives the right to swift

---

[1] In *Jones*, the claimant admitted she lied on her employment application because "she was afraid that she would not get the job . . . if she responded truthfully." 355 S.C. at 418, 586 S.E.2d at 114. Because the lie occurred before the employer made the hiring decision, we affirmed the commission's determination that the employer satisfied the *Cooper* test, despite the employer's assertion it would still have hired her but for a different position "that would not subject a pre-existing physical impairment to further deterioration." 355 S.C. at 418-19, 586 S.E.2d at 114. Here, Michelin made the decision to hire Brailey for the position in which he was injured *before* he made the alleged misrepresentation. The sequence of events in this case made it impossible for Michelin to demonstrate that any misrepresentation was a "substantial factor" in making the decision to hire Brailey.

and sure compensation' in exchange for giving up the right to sue in tort." *Harrell v. Pineland Plantation, Ltd.*, 337 S.C. 313, 326, 523 S.E.2d 766, 772 (1999) (quoting *Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 70, 267 S.E.2d 524, 526 (1980))). We find it unlikely the General Assembly intended that by committing fraud in an employment application the employee would regain the right to sue the employer in tort.

However, it is not necessary in this case that we work out the problems with the *Cooper* test because Michelin clearly has not proven its entitlement to the defense. *See Brailey*, 438 S.C. at 87, 882 S.E.2d at 178 ("Michelin has not proven a causal connection between the false representation and the injury."). We emphasize we do not overrule *Cooper*. If necessary in future cases, the courts will address the problems with the *Cooper* test. Our preferred course of action, however, would be for the General Assembly to take up this issue and resolve it legislatively.

For the reasons explained by the court of appeals, its decision is

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, JJ., and Acting Justice Donald W. Beatty, concur.**